273 P.2d 361

**STATE ex rel. PUBLIC EMPLOYEES RETIREMENT BOARD**

v.

**MECHEM, Governor, et al.**

No. 5783.

Supreme Court of New Mexico.

Aug. 5, 1954.

Howard F. Houk, Santa Fe, for relator.

Richard H. Robinson, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., Fred M. Standley, Asst. Atty. Gen., for respondents.

McGHEE, Chief Justice.

The relator, Public Employees' Retirement Board of the State of New Mexico, brings this original proceeding in mandamus against the members of the State Board of Education and the Superintendent of Public Instruction, respondents, to compel them to require their regular, full time employees, not engaged in the teaching profession, to rejoin and reaffiliate themselves with the Public Employees' Retirement Association, and to require such employees to make contribution into the Employees' Savings Fund of said association of all amounts past due and owing and to continue to make such contributions under the payroll deduction provision of the Public Employees' Retirement System Act, § 10–609, subd. 9.1, N.M.S.A.1941, 1953 Supp., and to further require respondents to pay all past due amounts owing to such fund under the matching fund provision of said act, § 10–610, subd. 10.1, N.M.S.A.1941, 1953 Supp.

The facts are these: Some seventeen of the regular, full time employees of the respondents, not engaged in the teaching profession, after the month of June, 1953, have not made contribution to the Employees' Savings Fund under the Public Employees' Retirement System Act, and respondents from that time have failed to report and pay over payroll deductions for these employees and employers' matching funds. Twenty-two other employees of respondents, of the same classification, have made such contribution for all times material hereto, and matching funds have been paid for them by respondents. Respondents admit they are not compelling their employees of this category to belong to the Public Employees' Retirement Association, asserting if such employees elect to be exempt from membership therein, they may lawfully do so by virtue of provision of the Teachers' Retirement Act, § 55–1114(c), N.M.S.A.1941, 1953 Supp.

As in the course of this opinion frequent reference must be made to various provisions of the two acts brought into question, wherever possible reference will be made only to compilation section number, rather than to chapter and section number of session laws.

Relator contends in support of the issuance of the writ of mandamus that all of the employees of respondents in the category described, and including the seven-

teen in question, are covered by the mandatory requirement of the Public Employees' Retirement System Act, § 10–601, subd. 1.7, and § 10–606, subd. 6.1, N.M.S.A. 1941, 1953 Supp., and they must remain members until such time as they become actual beneficiaries under some other retirement program. The first of the sections referred to in this paragraph provides:

 " 'Employee' means any person, including any elected official, who is in the employ of any public employer and whose salary is paid by warrant or by other medium from any income of said public employer. The term 'employee' shall not include any person who is a beneficiary of any other retirement, pension or annuity plan created and established by the state of New Mexico or any of its political subdivisions."

The second of the sections reads:

 "Except as provided in section 6.2, all employees of an affiliated public employer shall become members of the association beginning with the date their public employer became an affiliated public employer. Any elected official of an affiliated public employer shall become a member of the association upon his written application filed with the retirement board."

(Subdivision 6.2, referred to in § 10–606, subd. 6.1, makes provision for the exemption from membership of those persons who, upon the initiation of the Public Employees' Retirement Act in 1947, Ch. 167, Laws of 1947, were given the right to elect whether or not they would come under the coverage of such act.)

The relator further contends that under the actuarial plan of the Public Employees' Retirement Act either all of such employees are covered thereunder, or none are.

Respondents in resistance of the writ point, as is noted above, to the provision of the Teachers' Retirement Act, § 55–1114 (c), as follows:

 "Employees covered by this act are hereby exempted from the provisions of all other state retirement acts."

They maintain, as well, that the exemption provided is not, in effect, an exclusion, but merely bestows upon such employees the privilege of electing whether or not they will come under, or remain under, the obligations and benefits of the Public Employees' Retirement Act, with the immediate result that seventeen of their employees may cease their affiliation with the Public Employees' Retirement Association, and twenty-two may, if they so desire, continue thereunder.

Some history of the Teachers' Retirement Act is necessary to a proper under-

standing of the questions raised. It was originally passed as Ch. 112, Laws of 1937, and provided the following should receive benefits thereunder upon retirement: "* * * any teacher, supervisor, custodian, nurse, principal, superintendent or other professional employee * * *". By amendment in 1941, § 1, Ch. 207, Laws of 1941, it was specifically provided the state superintendent of public instruction, the state educational budget auditor and any *professional* employee of the state department of education should be entitled to the benefits of the act. Then, by Ch. 50, Laws of 1945, the entire act was substantially re-written. So far as pertinent here, its provisions extended retirement coverage to "other regular full time employee(s) of the public schools or any regular full time employee(s) of the aforesaid state institutions", including generally therein local boards of education, the state retirement board, the state board for vocational education, or the boards of regents of the schools enumerated in § 11, Art. 12, of the New Mexico Constitution, and the Eastern New Mexico Normal. Section two of the Act of 1945 provided employees of the state department of education should also be entitled to retirement benefits. By the Laws of 1947, Ch. 74, the general act was amended to provide retirement benefits for the Museum of New Mexico, the Girls' Welfare Home and the New Mexico Industrial School. Finally, by Ch. 57, Laws of 1953, presumably to clarify the coverage of regular, non-teaching, full time employees of the state board of education and the educational budget auditor, among other matters, the Teachers' Retirement Act was again amended, and, for present purposes, provides coverage of these persons as follows:

"* * * The state superintendent of public instruction, any full time employee of the state department of education, the state educational budget auditor, any full time employee of the state educational budget auditor, the state director of the state education retirement system, any full time employee of the state education retirement board, shall also be entitled to the benefits of this act * * * and their service shall be credited as service hereunder." § 55-1114, N.M.S.A. 1941, 1953 Supp.

Therefore, it is to be seen there is no question but that the employees sought to be brought back into the Public Employees' Retirement Association are presently covered for retirement benefit under the Teachers' Retirement Act.

The seventeen employees, as well as the twenty-two, as stated above, all belonged to the Public Employees' Retirement Association for the entire period of their employment except and until after June, 1953, when reports were no longer made for the

seventeen. It is conceded, indeed argued, by respondents that these employees come within the provisions of the Public Employees' Retirement Act, if they so desire.

The first legal proposition raised is one of statutory construction. It is the position of the relator that § 55–1114(c), supra (the exemption provision of the Teachers' Retirement Act, being included in § 1, Ch. 57, Laws of 1953) was enacted prior to § 10–601, subd. 1.7, supra (the definition of "employee" under the Public Employees' Retirement Act, being included in § 1, Ch. 162, Laws of 1953), and the oft-cited principle of statutory construction that the last enacted provision shall prevail over the first is invoked by relator, in support of its contention only those employees who are actual, receiving beneficiaries under some other retirement plan are exempt from membership in its association. The fact that the definition made in such section speaks of "beneficiary" rather than one "who may become a beneficiary" is made the basis of such argument, and relator thinks both provisions may stand, with the first being modified by the second to make exemption only for such actual beneficiaries under the Teachers' Retirement Act.

The respondents oppose this argument, and counter with another familiar principle of statutory construction: That seeming conflict between two legislative enactments may be resolved where one of the

acts is general in nature and the other specific, by allowing the specific one to prevail over the general one within the stated area. The true state of the law under this principle, they urge, is that although the Public Employees' Retirement Act provision succeeded the Teachers' Retirement Act provision, nevertheless, the Teachers' Retirement Act provision shall stand as a special exception to the general application of the Public Employees' Retirement Act provision.

On this point we must find the argument in favor of the respondents, and we believe to portray the opinion of the Court it is sufficient to refer to the authorities set out under this consideration in respondents' answer brief: 50 Am.Jur. (Statutes) § 365; 1 Sutherland, Statutory Construction (3d Ed., 1943) § 2021); 2 Id. § 5204; and Varney v. City of Albuquerque, 1936, 40 N.M. 90, 55 P.2d 40, 106 A.L.R. 222.

1 Sutherland, op. cit. supra, § 2021, states:

"The enactment of a general law broad enough in its scope and application to cover the field of operation of a special or local statute will generally not repeal a statute which limits its operation to a particular phase of the subject covered by the general law, or to a particular locality within the jurisdictional scope of the general statute. An implied repeal of prior statutes will

be restricted to statutes of the same general nature, since the legislature is presumed to have known of the existence of prior special or particular legislation, and to have contemplated only a general treatment of the subject matter by the general enactment. Therefore, where the later general statute does not propose an irreconcilable conflict, the prior special statute will be construed as remaining in effect as a qualification of or exception to the general law."

Therefore, the question whether the use of the word, "beneficiary", in the definition of "employee" in the Public Employees' Retirement Act means present or prospective beneficiary under some other retirement plan becomes immaterial to the issues here, for we hold such provision is general in nature and that the legislature, in its power to do so, has exempted a special class of public employees, those covered by the Teachers' Retirement Act, from such general provision.

There remains the question whether the persons in such special class may come under, or remain under, the coverage of the Public Employees' Retirement Act if they so desire. It is consequently necessary to determine whether the exemption provision of the Teachers' Retirement Act operates to exclude the persons covered thereunder from membership in the Public Employees'

Retirement Association, or whether it simply affords a right to such employees to elect whether or not to come or remain under such act, a right in the nature of a personal privilege analogous to tax exemptions or exemptions from jury duty. 31 Am.Jur. (Jury) § 55; 84 C.J.S., Taxation, § 215. From an examination and comparison of the two acts, we must conclude the latter proposition is correct.

The nature of the acts in question is quite distinct, although both have as their end the provision of social benefit under a retirement program.

The Public Employees' Retirement Act set into operation a plan, generally, where both the employees and the state, through the affiliated public employers, pay into the retirement fund, or Employees' Savings Fund, as it is designated. The amount presently contributed by the employees through payroll deductions is equivalent to five percent of their salaries, and an equal matching amount is paid into said fund by the employers. §§ 10–609, 10–610, N.M. S.A.1941, 1953 Supp. In addition, an initial membership fee of $5 is paid by the employees. § 10–606, subd. 6.5, N.M.S.A. 1941, 1953 Supp. Under the act provision is made for "voluntary retirement" whereby employees who have reached certain ages, and have a certain period of service credit, may retire and receive the benefits of the act under a choice of annuity plans,

§§ 10–613, 10–601, subds. 1.25, 1.26, and 10–615, N.M.S.A.1941, 1953 Supp. Provision is also made for benefits to be received where a member retires before or after the voluntary retirement date due to "duty disability," or "non-duty disability," and for benefits to widow or children or parents where a member dies as a result of injury or disease arising out of and in the course of his employment with public employer. §§ 10–617, 10–618 and 10–620, N.M.S.A. 1941, 1953 Supp. Careful and detailed provision is also made for refund of accumulated payroll deductions standing to the members' credit in the employees' savings fund. § 10–609, N.M.S.A.1941, 1953 Supp.

But when we turn to the Teachers' Retirement Act, we find quite a different arrangement. To begin with, the teachers' retirement fund is derived from transfers made by the state treasurer of sums equal to three percent of each of the following: Emergency school tax, the schools' part of the state income tax; the schools' portion of receipts from the mineral leasing act, and certain benefits under vocational education payrolls. § 55–1119, N.M.S.A.1941, 1951 Supp. Secondly, the retirement is had under provision where, "The board of education of any municipality, county, independent school district, union high school district, the state education retirement board, the educational budget auditor, the state board of vocational education or the board of regents or other governing body of each of the state educational institutions * * desiring to participate in this retirement plan, shall, upon request of any employee entitled to the benefits of this act * * * or in the absence of such request may, but in any event with the approval of the state education retirement board, retire from active service and establish an emeritus employment status * * *." § 55–1114, N. M.S.A.1941, 1953 Supp. Provision then follows in said section for age levels and service credits for the beneficiaries under such act. One retired in emeritus employment status is subject to the direction of the board or department by which he was employed at the time of his retirement, and he may, with approval of the state retirement board, be required to perform such services in connection with the schools or institutions under their control as he is physically qualified to perform. § 55–1114 (b), N.M.S.A.1941, 1953 Supp.

The foregoing outline is general in nature, and is not intended to, and does not, cover every provision of the two acts, but we think it sufficient to show that the Public Employees' Retirement Act partakes more of the nature of retirement insurance, while the Teachers' Retirement Act resembles more a plan of pensioning or compensation for past services.

At the outset, then, it is obvious the two retirement programs are not ex-

amples of mutually exclusive operation, such as the Federal Social Security Act, 42 U.S.C.A. § 301 et seq., Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and the Railroad Retirement and Railroad Unemployment Insurance Acts, 45 U.S.C.A. §§ 228a et seq., 351 et seq., where, as is so well described in Northern Pac. Ry. Co. v. Reynolds, D.C.1946, 68 F.Supp. 492, a given employee comes under one or the other but not both of the systems which are substantially similar in their provisions, but cover different areas of employment.

It is, therefore, our determination that the regular, full time, non-teaching employees of respondents who desire to remain under or come under coverage of the Employees' Retirement System Act may do so. The correctness of our conclusion is further borne out by consideration of two provisions internal to the Teachers' Retirement Act. First, the exemption provision, § 55–1114(c), supra, omits, significantly we think, to include *employers* within the exemption. Secondly, § 55–1118, N.M.S.A.1941, 1951 Supp., originally passed by Ch. 112, § 5, Laws of 1937, and re-enacted in Ch. 50, § 5, Laws of 1945, and not repealed by Ch. 57 of the Laws of 1953, or any other act, provides as follows:

"If any person retired under the provisions of this act * * * shall also be entitled to benefits under any state or national retirement or old age benefit law, then the amount to be paid such person under this act * * * shall be only the difference between the amount received under such other retirement or old age benefit law and the amount provided in this act * *."

Reference is here made to New Mexico Attorney General's Opinion No. 5394 (July 24, 1951) where the problem was considered whether or not a person who had been a teacher and who subsequently entered the employment of the director of budgets and finance of the state department of education, and who was formerly and remained covered by the Teachers' Retirement Act as it existed in 1951, must pay into the Public Employees' Retirement or Savings Fund. We quote the pertinent matter therefrom:

"* * * Furthermore § 55–1118, N.M.S.A., relating to the Teachers Retirement Act, makes it clear that the legislature contemplated, and provided for, the case of one who would be protected by the Teachers Retirement Act and who might also be entitled to the benefits of other retirement legislation. * * *"

Opinion was therefore given the employee must make such payments.

In view of the foregoing, it is our conclusion the exemption granted in § 55–1114(c), supra, is simply in the nature of

a privilege to claim immunity from the obligations and benefits accorded to or required of employees under the Public Employees' Retirement Act, and it was not the intention of the legislature to exclude from such obligations and benefits those employees who might elect to be covered thereunder in addition to their coverage under the Teachers' Retirement Act.

The argument is made by relator that the Public Employees' Retirement System is based upon actuarial policy requiring that younger employees with shorter service credits pay into the fund, as well as older employees with long service records who would, it seems, be more likely to desire to continue under the program of the Public Employees' Retirement System. We have no doubt actuarial figures for the departments in question may be shuffled to some extent by today's decision, but it does not follow that this Court can deny the force of the statutes involved.

Lastly, it is argued by relator the Public Employees' Retirement Board is without authority to return accumulated deductions standing to the credit of the employees of respondents who have elected not to come under the provisions of the Public Employees' Retirement Act. In this connection, § 10–609, subd. 9.4, N.M.S.A. 1941, 1953 Supp. provides:

"Whenever any member shall cease to be an employee of any affiliated public employer, for any reason other than his death or retirement, he shall be paid, on demand in writing filed with the retirement board, his accumulated deductions standing to his credit in the employees savings fund."

Of course, this provision must necessarily be considered together with the statute setting forth the exemption in favor of those covered by the Teachers' Retirement Act, with the result that if the legislature has not in so many words spelled out the right of such exempted person to a return of accumulated deductions, it has declared the Public Employees' Retirement System is not entitled to them, and we cannot believe any better authority for their return is needed.

The alternative writ of mandamus issued herein should be quashed, and it is so ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.