660 P.2d 615

Robert HOLLOWAY, Plaintiff-Appellant,

v.

NEW MEXICO OFFICE FURNITURE, Defendant, Third-Party Plaintiff,

v.

American Motorist Insurance Company, Bruce A. Becht, and Bruce A. Becht Insurance Agents and Brokers, Inc., Third-Party Defendants-Appellees.

No. 5863.

Court of Appeals of New Mexico.

Feb. 22, 1983.

William S. Ferguson, Levy, Ferguson & Grady, P.A., Albuquerque, for plaintiff-appellant.

Louise Gibson, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for third-party defendants-appellees.

## OPINION

WOOD, Judge.

Plaintiff's workmen's compensation claim was settled on the morning of trial. The settlement for $17,000.00 covered benefits to plaintiff under the Workmen's Compensation Act, including past and future medical benefits. The question of attorney fees was not settled and was decided by the trial court. The fee award was for $5,100.00 plus $204.00 tax. The appeal raises one issue—the propriety of the amount of the fee award. In this circumstance, we first consider whether there should be free process for such an issue.

*Free Process for an Attorney Fee Issue*

Section 52–1–39(B), N.M.S.A.1978, provides that when an appeal is taken "by the workman," he is entitled to the record on appeal (*see* R.Civ.App. 7(a), N.M.S.A. 1978 (1982 Cum.Supp.)) without cost, that no docket fee or other costs shall be charged the workman. The notice of appeal recites that plaintiff was appealing the order of May 17, 1982, which was the trial court order awarding attorney fees. Because this was an appeal by the worker in a compensation case, the clerk of the district court certified that this was an appeal pursuant to § 52–1–39 "without cost". This procedure was proper and the following discussion suggests no change in this procedure.

The question is whether the public should pay the cost of the appeal when the appeal presents only one issue, and that one issue is the amount of the fee award made to plaintiff for the benefit of plaintiff's attorney, *see Scott v. Transwestern Tankers, Inc.,* 73 N.M. 219, 387 P.2d 327 (1963).

In posing the question, we have not overlooked the following statement in *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 287, 288, 587 P.2d 434 (1978):

We must avoid a policy or a practice which would discourage representation or the taking of appeal where counsel feels that an injured workman has been aggrieved at the trial court level.

The quoted matter is not applicable. There is no aggrieved worker in this case; there is no issue concerning the settlement. The "aggrieved" person is plaintiff's attorney; his complaint is that the fee award is too low.

Although the appeal in this case is in the name of the worker, the appeal has been brought for the sole benefit of the attorney. Section 52–1–39(B) does not provide that an appeal for the benefit of the attorney be free to the attorney or that the public bear the cost of the appeal.

Accordingly, upon remand of this case, plaintiff's attorney, William S. Ferguson, shall pay to the clerk of the Court of Appeals the docket fee of $20.00 and shall pay

to the clerk of the district court costs of $181.12, these being the costs certified by that clerk. Rule of Civ.App. 27, N.M.S.A. 1978.

*Propriety of the Attorney Fee Award*

The complaint seeking compensation was filed September 15, 1980 and was at issue between plaintiff and his employer on October 22, 1980. Disposition was delayed by proceedings between defendant and third-party defendants concerning insurance coverage and the duty of the third-party defendant insurance company to defend. The third-party matters were tried on March 3 and 4, 1982. An unchallenged finding of the trial court is that the coverage issue was decided on March 10 or 11, 1982 and that the compensation claim was settled "within a week" of that decision. A written stipulation of settlement, between plaintiff, defendant and third-party defendant insurance company was filed on April 1, 1982 and a judgment pursuant to the settlement was filed the same day.

A hearing on the question of the fee award was held April 1, 1982, but this consisted entirely of arguments of counsel. The evidence on which the fee award was based consists of affidavits of counsel and the matters shown by the district court file. In addition, there is the trial judge's personal knowledge as to services rendered. *Fryar II* (*Johnsen v. Fryar,* 96 N.M. 323, 630 P.2d 275 (Ct.App.1980)).

■ The wording of and references in the findings and conclusions show that the trial court was aware of and considered the *Fryar* factors. *Fryar I* (*Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979)). Ferguson complains of the absence of findings as to all *Fryar* factors. Findings are not required concerning factors for which there is no evidentiary support. *Morgan v. Public Service Co. of New Mexico,* 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982).

There are twenty-eight findings on the question of the fee award. Ferguson challenges seven of these findings as not supported by substantial evidence. Three of the seven go to whether compensation issues were "addressed by the Court and by the attorneys" during a specified time period, whether compensation matters were postponed "because of the coverage issues", and whether attorneys for defendant and the insurance company cooperated with plaintiff's attorney on the issue of compensation benefits. These are evidentiary findings and not findings of ultimate facts necessary to support the fee award. *See Gregory v. Eastern New Mexico University,* 81 N.M. 236, 465 P.2d 515 (Ct.App.1970). Being unnecessary evidentiary findings, these three findings will not be considered further.

The trial court found that although settlement was discussed at various times "no offer of settlement was made nor could be made until the coverage issue was decided." Ferguson does not challenge when a settlement was first made; he contends there was no evidence that a settlement offer could not be made until coverage was decided. We agree, but such is not pertinent. The ultimate fact is whether a settlement offer was made in writing thirty days or more prior to trial. Section 52–1–54(D)(1)(c), N.M.S.A.1978. That ultimate fact is contained in the unchallenged part of the above finding, the finding as to when the coverage issue was decided and settlement on the trial date. What Ferguson·is really contending is that defendant and the insurance company *should* have made a settlement offer "to avoid the expense and delay of trial * * * as well as the mental strain of litigation upon the plaintiff. * * *" The validity of this argument, if any, is covered by the ultimate fact of when a settlement offer was made.

The trial court found:

17. Although the plaintiff naturally had an interest in the coverage issue, the plaintiff's attorney did not sue third-party defendant, American Motorists Insurance Company, and had very little participation in the matters that were discussed by counsel and the Court from April of 1981 through March of 1982.

This finding is pertinent to the time and effort expended by counsel. Ferguson chal-

lenges the sufficiency of the evidence to support the phrase: "plaintiff's attorney * * * had very little participation in the matters that were discussed by counsel and the Court from April of 1981 through March of 1982." The trial judge would have personal knowledge of matters discussed "by counsel and the Court"; that personal knowledge and the court file supports the finding. The fallacy in Ferguson's argument concerning the finding is that he reviews the evidence in a light most favorable to himself; we review the evidence in the light most favorable to support the finding. *Moorhead v. Gray Ranch Co.,* 90 N.M. 220, 561 P.2d 493 (Ct.App.1977).

The trial court found that the issue of compensation benefits owed to the plaintiff was not greatly contested. Ferguson asserts this finding is blatantly unsupported by the evidence. The finding is ambiguous for lack of a time frame. The denial in defendant's answer placed a number of matters in issue; however, the settlement shortly after the coverage issue was decided indicates that the trial court distinguished between the denials in the answer and matters contested prior to the settlement. Although this finding may be technically erroneous, there was no reversible error because any "contest" disappeared when settlement occurred shortly after the coverage issue was decided. *See Sena v. Continental Cas. Co.,* 97 N.M. 753, 643 P.2d 622 (Ct.App. 1982).

The trial court found that the issues going to compensation benefits were not novel or complex. "The complexity of the case involved the coverage issue in which plaintiff's attorney was not intimately involved, nor did he actively participate in those issues." Ferguson attempts to demonstrate complex and novel issues concerning disability, referring us to questions concerning the growth of a tumor on plaintiff's wrist, psychological problems, and physical problems resulting from the psychological problem. These matters involve the question of medical causation, a common issue in compensation cases. *See* § 52–1–28(B), N.M.S.A. 1978; *Fryar II, supra.* The injury alleged was to plaintiff's wrist; disability resulting from such an injury is not novel; the only complexity shown by the record on appeal is Ferguson's claims as to his proof, claims not supported by evidence. The record on appeal supports the finding that the coverage issue was the complex question.

Ferguson's complaint that the trial court adopted requested findings of the insurance company is answered in *Matter of Hamilton,* 97 N.M. 111, 637 P.2d 542 (1981).

We do not discuss, in detail, Ferguson's requested findings which were refused. Some of these requests did, and some did not, have evidentiary support. The propriety of the trial court's refusal of these requested findings is found in two rules: 1) it is not error to refuse requested findings which are contrary to findings made, when the findings made are supported by substantial evidence, *Clem v. Bowman Lumber Company,* 83 N.M. 659, 495 P.2d 1106 (Ct.App.1972); and 2) when a party has the burden of proof on an issue and the party's requested findings on that issue are refused, the effect of the refusal is a finding against the party with the burden of proof. *H.T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). Ferguson had the burden of proving the value of his services. *Fryar II, supra.*

We discuss only one of Ferguson's requested findings that was refused. This request was that a reasonable fee award was $12,839.00. This request was based primarily on records of time that Ferguson, and his law firm, spent on the case. These records show 156.6 hours charged at $75.00 per hour, and 10 hours charged at $60.00 per hour. Inasmuch as the time and effort of an attorney is a factor to be considered in the fee award, Ferguson contends the fee award is too low. Our answer is based on conflicting evidence and unchallenged findings.

An examination of the time sheets shows that a substantial amount of the time charged concerned the coverage question. It is not disputed that plaintiff was not a party to the third-party suit involving cov-

erage, and made no effort to sue the third parties under R.Civ.Proc. 14(a), N.M.S.A. 1978 (1980 Repl.Pamph.). An unchallenged finding is that Ferguson did not participate in the trial concerning coverage. Other unchallenged findings are that the insurance company attorney expended only 127 hours in defending both the third-party suit concerning coverage and the compensation claim, and charged $55.00 per hour. Under the evidence and in light of unchallenged findings, the trial court could properly refuse a request for a fee award in excess of $12,000.00.

Ferguson states "the important issue on appeal is most clearly raised in the trail [sic] court's ruling from the bench." These remarks pointed out that the $5,100.00 fee award was 30 percent of the amount of plaintiff's settlement. Ferguson construes this remark to show a fee award based on a percentage of the recovery, a practice which is not authorized. *See Fryar II, supra.* Ferguson takes the trial court's remarks out of context. In addition, the comment about the percentage was not the trial court's decision. *See Getz v. Equitable Life Assur. Soc. of U.S.,* 90 N.M. 195, 561 P.2d 468 (1977). Neither the findings nor conclusions based the fee award on an unauthorized percentage.

The order setting the fee at $5,100.00 plus $204.00 tax is affirmed. Ferguson is to pay costs as stated in this opinion.

IT IS SO ORDERED.

WALTERS, C.J., and HENDLEY, J., concur.