725 P.2d 581

**SUPERINTENDENT OF INSURANCE, STATE OF NEW MEXICO,**
Defendant-Appellant,

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY,**
Plaintiff-Appellee.

No. 8179.

Court of Appeals of New Mexico.

Feb. 6, 1986.

Michael R. Morow, Kegel, Glass, McDevitt & Morow, Santa Fe, for defendant-appellant.

James A. Parker, Jeffrey Twersky, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendant appeals an order awarding attorneys' fees to a compensation carrier, which had sought declaratory relief against the subsequent injury fund. *See* NMSA 1978, § 52–2–5(C). The parties eventually settled the underlying claim. Plaintiff then moved for attorneys' fees and costs. After a hearing, the trial court granted the motion and entered judgment against the fund for $8,579.74 "pursuant to the Subsequent Injury Act in the interest of reasonableness and equity, the expressed purposes of the Legislature in passing the ... Act...." Defendant contends on appeal that this order was improper, because not authorized by statute or court rule. We reverse.

The general rule is that each party to litigation must pay his or her own counsel fees. *State ex rel. Stanley v. Lujan*, 43 N.M. 348, 93 P.2d 1002 (1939). Attorneys' fees are not recoverable as costs or damages in the absence of an authorizing statute or rule of court, *see Central Adjustment Bureau, Inc. v. Thevenet*, 101 N.M. 612, 686 P.2d 954 (1984); or certain exceptional circumstances, *see Aboud v. Adams*, 84 N.M. 683, 507 P.2d 430 (1973).

The general, or American rule, serves important purposes. *See generally* S. Speiser, *Attorney Fees*, § 12:3 (1973). For example, where recovery is authorized, the courts often must resolve the question of what is a reasonable attorneys' fee. *Id.* In some cases, the hearing on attorneys' fees may last longer than the hearing on the underlying claim. *See Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985). For this reason, the rule tends to preserve judicial resources.

The parties agree that New Mexico observes the general rule and that there are no exceptional circumstances in this case. The appellate issue is whether the provision for taxation of costs, included in Section 52–2–5(C), encompasses the award made.

Section 52–2–5(C) provides that attorneys' fees shall be paid from the fund to private attorneys designated by the Attorney General to represent the Superintendent of Insurance. There is no other reference in this section to attorneys' fees. However, Section 52–2–5(C) also provides that the taxing of costs shall be governed by the Workmen's Compensation Act. *See* NMSA 1978, §§ 52–1–1 to –69 (Orig.Pamp. & Cum.Supp.1985). We assume, but need not decide, that this provision is applicable to Section 52–2–5(A) and (B), as well as to Section 52–2–5(C).

Attorneys' fees in workmen's compensation cases are governed by Section 52–1–54. That statute provides that a reasonable fee for claimant's attorney shall be taxed as part of the costs against the employer where the jurisdiction of the court is invoked to approve a settlement of a compensation claim under the Workmen's Compensation Act. § 52–1–54(C). It also provides, however, that nothing in the statute shall apply to attorneys or agents representing defendants in any matter arising from a claim under the Workmen's Compensation Act. § 52–1–54(G).

Defendant argues that the attorneys' fees award is barred by Section 52–1–54(G). Plaintiff contends that it is a "claimant" under Section 52–1–54(C), for whom the legislature intended to provide by incorporating the general provision for attorneys'

fees into the Subsequent Injury Act. *See* § 52–2–5(C).

We hold that the language on which plaintiff relies is not sufficient to support the award. Plaintiff's interpretation of the term "claimant" is inconsistent with other provisions in Section 52–1–54. Under these circumstances, we are not persuaded that the legislature intended the result for which plaintiff contends.

Legislative intent is to be determined primarily by the language of the Act, and words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. *Winston v. New Mexico State Police Board*, 80 N.M. 310, 454 P.2d 967 (1969).

> It is likewise a cardinal rule that in construing particular statutory provisions to determine legislative intent, an entire act is to be read together so that each provision may be considered in its relation to every other part, and the legislative intent and purpose gleaned from a consideration of the whole act.

*Id.* at 311, 454 P.2d at 968 (citation omitted).

Section 52–1–54(A) applies "in all cases where an attorney is employed by any injured workman or any beneficiary or beneficiaries in connection with any claim for compensation...." Section 52–1–54(D), after referring to "the claimant," requires the trial court, in fixing a reasonable fee, to consider the sum, if any, offered by the employer before *the workman's attorney* was employed. § 52–1–54(D)(1)(a) (emphasis added). This language equates "claimant" and "workman."

Section 52–1–54(C) also provides that the fee for the "claimant's" attorney shall be taxed as part of the costs against the employer. This language also equates the claimant and the worker. If plaintiff is the "claimant," then the fund is the "employer." But "[t]he words 'employer and employee' as used in the New Mexico Workman's [sic] Compensation Act are used in their natural sense and intended to describe the conventional relation between an em-

ployer who pays wages to an employee for his labor." *Mendoza v. Gallup Southwestern Coal Co.*, 41 N.M. 161, 165–66, 66 P.2d 426, ·429 (1937).

Finally, if plaintiff is the claimant for purposes of Section 52–1–54(C), then the fund must be the defendant, and attorneys for the fund would be precluded from being awarded fees by Section 52–1–54(G). This would be in direct conflict with Section 52–2–5(C), which specifically provides for payments to attorneys representing the Superintendent of Insurance.

The basic purpose of our Workmen's Compensation Act is to ensure that industry carry the burden of personal injuries suffered by workers in the course of their employment. *Yerbich v. Heald*, 89 N.M. 67, 547 P.2d 72 (Ct.App.1976). While the basic rule is that each party pays for its own counsel, when this practice is applied to a system of wage-loss benefits, a question arises as to whether the social objectives of the legislation are being thwarted. 3 A. Larson, *The Law of Workmen's Compensation*, § 83.11 (1983).

Workmen's compensation statutes have taken two approaches to this problem: 1) to shift the burden of the claimant's attorneys' fees to someone other than claimant, either by adding fees to the claimant's award or by having the state provide legal services, or 2) by strict supervision and maximum limitations on the claimant's attorneys' fees. Larson, *supra*, § 83.12(a). Section 52–1–54 incorporates both of these approaches. The fees of the employer's or insurer's counsel, since they have no immediate impact on net benefits, are not ordinarily supervised or limited. Larson, *supra*, § 83.18.

The attorneys' fee provision in the Workmen's Compensation Act is to protect the injured worker. As interpreted by the courts, the provision should be applied to ensure adequate compensation of workmen's compensation claimants but avoid excessive legal fees. *See Woodson v. Phillips Petroleum Co.*

608

This court has refused to award free process and appellate attorneys' fees to a claimant's attorney where the only issue on appeal was the amount of the fees. *Holloway v. New Mexico Office Furniture*, 99 N.M. 525, 660 P.2d 615 (Ct.App.1983). The court based its reasoning on the fact that the appeal could in no way benefit the injured worker. "There is no aggrieved worker in this case; there is no issue concerning the settlement. The 'aggrieved' person is plaintiff's attorney; his complaint is that the fee award is too low.... [T]he appeal has been brought for the sole benefit of the attorney." 99 N.M. at 526, 660 P.2d at 616.

Similarly, plaintiff's suit against the fund did not affect the amount of the compensation paid to the injured worker; it was a claim by the insurance carrier for reimbursement of part of the compensation it was obligated to pay. It was brought for the benefit of the insurance company, not for the benefit of the injured worker.

Some provision for attorneys' fees for the injured worker is necessary in a state where the services of an attorney are required to obtain workmen's compensation. Otherwise, any compensation a worker received would be substantially reduced by his legal fees. There is no comparable public policy reason, however, for relieving insurance carriers of their legal expenses. *See Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 587 P.2d 434 (1978).

Plaintiff argues that paying such fees from the fund promotes the purpose of the Subsequent Injury Act, which is to promote the hiring of handicapped workers. While this is the stated purpose of the Act, NMSA 1978, Section 52-2-2, that purpose is achieved by reimbursing the employer or carrier for compensation paid due to an existing impairment. In the absence of a clearer mandate from the legislature, we must apply the more specific provision, which denies attorneys' fees to defendant employers. *See State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936).

■ Plaintiff relies on the case of *Gutierrez v. City of Gallup*, 102 N.M. 647, 699 P.2d 120 (Ct.App.1984), to support an award of attorneys' fees from the fund to an insurance carrier. In that case, fees were awarded to an insurance carrier that successfully defended against an appeal by the Superintendent of Insurance. The issue of attorneys' fees was not argued or discussed. Insofar as *Gutierrez* may be read to authorize payment of attorneys' fees from the fund to an employer or insurance carrier, it is not to be followed.

■ We hold that "claimant," as used in Section 52-1-54, refers to the injured worker, not to the employer's insurer. We also hold that plaintiff, as a defendant under the Workmen's Compensation Act, is precluded from receiving attorneys' fees by Section 52-1-54(G). Plaintiff argues its claim is not a workmen's compensation case; it is, however, a matter ultimately arising from a claim under the Workmen's Compensation Act. Section 52-1-54(G) controls.

The order granting plaintiff attorneys' fees and costs is set aside. No appellate costs are awarded.

ALARID and GARCIA, JJ., concur.