1999-NMCA-064

980 P.2d 94

**Christine BAJART, Worker–Appellant,**

v.

**UNIVERSITY OF NEW MEXICO, Employer–Appellee.**

**Christine Bajart and Bill Bradish, Plaintiffs–Appellants,**

v.

**Board of Regents of the University of New Mexico, Defendant–Appellee.**

Nos. 19321, 19605.

Court of Appeals of New Mexico.

April 16, 1999.

Joseph William Reichert, Albuquerque, for appellants.

Katherine E. Tourek, Bradley & McCulloch, P.A. Albuquerque, for appellee University of New Mexico.

Douglas A. Baker, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for appellee Board of Regents of University of New Mexico.

## OPINION

BUSTAMANTE, Judge.

{1}   In this consolidated appeal, Christine Bajart (Bajart) appeals the Compensation Order entered by the workers' compensation judge (WCJ), which concluded that Bajart's exclusive remedy was under the Workers' Compensation Act (the Act). *See* NMSA 1978, §§ 52–1–1 to –70 (1929, as amended through 1993).   Bajart also appeals the district court's order, which granted summary judgment against Bajart in her personal injury suit on the grounds of collateral estoppel. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{2}   Bajart was employed as a graduate teaching assistant at the University of New Mexico (UNM) during the 1994–1995 academic year.   UNM compensated Bajart for her work with monthly payments and a tuition waiver.   In addition to teaching, Bajart worked in the photography darkroom.   On April 25, 1995, Bajart attempted to fix a nonfunctioning machine that mixed chemicals used in the darkroom.   In so doing, Bajart was injured by a powerful shock.

{3}   Between April 25, 1995, and March 17, 1997, Bajart completed a number of workers' compensation forms and reports, and received medical care that was paid for by UNM. On March 17, 1997, Bajart filed a workers' compensation complaint against UNM seeking benefits for permanent partial disability and attorney fees.   After a hearing at which testimonial evidence was admitted, the WCJ filed an Order on Status of Claimant, which specifically concluded that Bajart was "estopped from alleging that her claim is not a workers' compensation claim," and that the Act provides Bajart's exclusive remedy. The WCJ later incorporated this order into his March 9, 1998, Compensation Order.

{4}   On April 10, 1997, while the workers' compensation proceedings were underway, Bajart and her husband, Bill Bradish, filed a complaint in district court against the Board of Regents of UNM (the Board) seeking

damages for personal injury. On January 7, 1998, the Board filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. This motion, and the memorandum filed in its support, argued, among other things, that Bajart was attempting to relitigate issues already resolved by the WCJ in its Compensation Order. Accordingly, argued the Board, the doctrine of collateral estoppel required the district court to dismiss Bajart's tort suit. The district court concluded that "it would be an abuse of discretion not to apply collateral estoppel principles, and that this summary judgment [motion] should be granted." Bajart appeals the orders of the district court and the WCJ.

*DISCUSSION*

{5} On appeal, Bajart argues that she is not precluded from suing in tort by the exclusivity provision of the Act, *see* NMSA 1978, § 52–1–9 (1973) because she is not a worker covered by the Act. According to Bajart, the Act does not apply to her because NMSA 1978, § 52–1–63 (1989), either exempts her from the statute as a student laborer, or exempts UNM as an educational institution. Alternatively, Bajart contends that the WCJ erred in holding that she elected workers' compensation as her sole remedy because she was unaware that she could sue UNM for personal injury when she accepted workers' compensation benefits. Lastly, Bajart argues that the order granting summary judgment should be reversed because its application of collateral estoppel was based on the erroneous Compensation Order.

{6} For reasons discussed below, we affirm the Compensation Order. Because we affirm the Compensation Order, we need not address Bajart's arguments that summary judgment should be reversed and that she did not knowingly elect her remedies.

**Section 52–1–63 Exempts Educational Institutions from the Act, Not Students**

{7} Bajart first argues that Section 52–1–63 allows her to sue for damages in tort because she is exempted from the Act as a student laborer. In deciding whether the section exempts students or institutions, we are called upon to interpret the language of this section. The interpretation of statutory language is a matter of law. As such, our review is de novo. *See State v. Adam M.,* 1998–NMCA–014, ¶ 15, 124 N.M. 505, 953 P.2d 40.

{8} Reading of the plain language of this section directly and without nuance reveals that the exemption is meant to be exercised by the educational institution, not the student. Section 52–1–63 provides:

> *Any educational institution* in this state employing student labor in aid of students attending the institution by enabling students to defray their tuition and expenses and in which institution any class of machinery or appliances are [is] used for instruction or otherwise and which would subject the institution to the terms of the Workers' Compensation Act [this article] as engaging in a hazardous calling or business as defined by that act *is hereby exempted* from the terms and operations of the Workers' Compensation Act as to any liability accruing to any student so employed; provided, the terms of that act shall in no way relieve any institution from any liability for damages or injuries to any student which would otherwise be recoverable by law.

(Emphasis added.) (Other alterations in original.)

{9} Here, the subject of the sentence granting the exemption is "any educational institution." Students, on the other hand, are never the subject of the exemption. Rather, Section 52–1–63 only discusses student workers when describing the criteria the educational institution must satisfy in order to qualify for the exemption. For example, according to the statute, educational institutions are entitled to the exemption if, among other things, they employ student labor as a means of helping students defray the cost of tuition. Thus, we conclude that the exemption applies to the institution, not to the student workers. Because we conclude that the section exempts only educational institutions, we necessarily conclude that it does not exempt Bajart from the Act.

*The Exemption Is a Privilege, Not an Exclusion*

{10} Bajart also appears to argue that the Act does not apply in this case, and that

she is not limited by the Act's exclusivity provision, Section 52-1-9, because UNM qualifies for the exemption created in Section 52-1-63.[1] As above, this argument requires us to interpret the language of the statute. In so doing, we presume that the legislature intended the statute to be reasonably construed according to its plain meaning, and we endeavor to give effect to the legislature's intent. *See Adam M.*, 1998-NMCA-014, ¶ 15, 124 N.M. 505, 953 P.2d 40.

{11} In effect, Bajart argues that once UNM satisfies the requirements of Section 52-1-63, it is automatically excluded from the Act's coverage, and is prohibited from claiming coverage under the Act. We disagree. Although the Act exempts certain educational institutions, it does not *exclude* or *except* those institutions. This distinction is significant because we presume that the legislature intends the plain and common meaning of the words used in the statute. *See Levario v. Ysidro Villareal Labor Agency*, 120 N.M. 734, 736, 906 P.2d 266, 268 (Ct.App.1995). Here, we presume that the legislature understood that the words "exempt" and "exclude" or "except" are not synonymous. To exempt is "[t]o release, discharge, waive, [or] relieve from liability," *Black's Law Dictionary* 571 (6th ed. 1990), whereas, to except is to exclude, *see State v. Atencio*, 85 N.M. 484, 485, 513 P.2d 1266, 1267 (Ct.App.1973). Thus, a party that is excepted or excluded from a statute is completely removed from the statute. Without statutory language allowing the excepted party to elect coverage, that party may not avail itself of the statute's provisions.

{12} By contrast, an exemption merely relieves a party of a statutory obligation, but does not prevent the party from undertaking the obligation voluntarily. In other words, that party is not excluded from the statute. Consequently, an educational institution that is exempted from the Act may waive the exemption simply by choosing or electing to

be covered under the Act. *Cf. State ex rel. Pub. Employees Retirement Bd. v. Mechem*, 58 N.M. 495, 502-03, 273 P.2d 361, 366 (1954) (holding that a statutory exemption "is simply in the nature of a privilege to claim immunity from the obligations and benefits" of the statute, and that "it was not the intention of the legislature to exclude from such obligations and benefits those ... who might elect to be covered thereunder"), *abrogated in part on other grounds by Pierce v. State ex rel. Taxation & Revenue Dep't*, 121 N.M. 212, 221, 910 P.2d 288, 297 (1995).

{13} Our conclusion that educational institutions which qualify for the Section 52-1-63 exemption may choose to be covered under the Act is consistent with the purposes of the Act. The Act is intended to ensure that employers "carry the burden of personal injuries suffered by workers in the course of their employment," *Superintendent of Ins. v. Mountain States Mut. Cas. Co.*, 104 N.M. 605, 607, 725 P.2d 581, 583 (Ct.App.1986), and to limit litigation between workers and their employers, *see Rader v. Don J. Cummings Co.*, 109 N.M. 219, 226, 784 P.2d 38, 45 (Ct.App.1989) (extensive and unnecessary litigation is "inimical to the purposes of" the Act). Allowing exempt employers to comply with the Act voluntarily furthers these goals by increasing the number of employers with insurance coverage and limiting the number of personal injury lawsuits against employers.

{14} Moreover, the statute encourages all employers to chose or elect to be covered under the Act. For example, Section 52-1-6(B) allows the employers of certain excluded and excepted workers to elect to be covered by the Act. NMSA 1978, § 52-1-6(B) (1990) (effective Jan. 1, 1992). This subsection allows employers of farm and ranch laborers, domestic workers, and real estate salespersons to subject themselves to the Act, notwithstanding the fact that the statute excepts these workers from coverage in other provi-

---

**1.** We need not decide whether UNM qualifies for this exemption because if UNM does not meet the statutory criteria for the exemption, it automatically comes with the purview of the Act. *See* NMSA 1978, § 52-1-2 (1987) (all "public institution[s] and administrative board[s] thereof employing workers" come within the Act). Even if

UNM satisfies the requirements for the exemption, it may waive the exemption and elect to subject itself to the Act. Here, UNM complied with the Act (either because it was required to do so or because it chose to do so), so again, we need not decide whether UNM met the requirements for the exemption.

sions. *See id* §§ 52–1–6(A), (B); 52–1–16 (1978). Given that the legislature allows employers whose workers have been excluded by the Act to elect coverage, it is reasonable to believe that the legislature intended to allow employers who are merely exempted from the statute to "elect" coverage by waiving their exemption. For these reasons, we hold that this exemption is "in the nature of a privilege to claim immunity from the obligations and benefits" of the Act, and that the exemption does not operate to exclude those institutions that wish to be covered by the Act. *Mechem,* 58 N.M. at 502–03, 273 P.2d at 366.

{15} Furthermore, because Bajart does not attack the sufficiency of the evidence supporting the WCJ's findings of fact, we affirm the WCJ's Compensation Order, which is based on its finding that "[t]he University of New Mexico has opted or elected not to claim the exemption and covers their [sic] student-employees under their workers' compensation coverage." *See Sanchez v. Memorial Gen. Hosp.,* 110 N.M. 683, 689, 798 P.2d 1069, 1075 (Ct.App.1990) (findings not specifically challenged on appeal are accepted as true).

{16} Whether the Act applies by force of law, or because an educational institution has waived its exemption, all of the provisions of the Act will apply, including the exclusivity provision. *See Mountain States Tel. & Tel.*

*Co. v. Montoya,* 91 N.M. 788, 791, 581 P.2d 1283, 1286 (1978). Therefore, the WCJ correctly concluded that the Act provides Bajart's exclusive remedy in this case. We affirm the Compensation Order.

*CONCLUSION*

{17} For the foregoing reasons, we hold that Section 52–1–63, which exempts certain educational institutions from the Workers' Compensation Act, does not exclude educational institutions from the obligations and benefits of the Act. Rather, those institutions may waive their exemption and elect to be covered by the Act, as UNM did in this case. Because the Act applies here, the WCJ properly concluded that Bajart's exclusive remedy is workers' compensation. Finally, Bajart's argument that the district court's order should be reversed necessarily fails because this argument was premised on a reversal of the Compensation Order. Therefore, we affirm both Orders.

{18} **IT IS SO ORDERED.**

APODACA and WECHSLER, JJ., concur.