760 P.2d 170

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**David MORTON, Defendant–Appellant.**

No. 10459.

Court of Appeals of New Mexico.

July 7, 1988.

Jacquelyn Robins, Chief Public Defender, Stephen D. Aarons, Asst. Public Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Defendant appeals the trial court's denial of his motion to remand for preliminary

examination. We granted defendant's application for interlocutory appeal. The sole issue on appeal is whether death penalty proceedings are precluded where the indictment does not allege the existence of aggravating circumstances. We hold that since aggravating circumstances are not elements of the crime, an indictment is not deficient for failure to allege them. Therefore, we affirm.

Defendant was indicted for murder and other crimes on July 22, 1987. The indictment did not allege the existence of any aggravating circumstances warranting consideration of the death penalty. Defendant subsequently filed a motion to remand for preliminary examination for the purpose of determining whether there was probable cause for the existence of aggravating circumstances. Thereafter, the state filed a "Notice of Intent to Claim Aggravating Circumstances." The trial court, while expressing a preference for presenting the factual allegations of aggravating circumstances to the grand jury or during the preliminary examination, denied defendant's motion. The trial court certified its decision for interlocutory appeal.

The indictment is the means by which a defendant learns of the charges against him. *State v. Wall*, 94 N.M. 169, 608 P.2d 145 (1980). The purpose of an indictment is to furnish the accused a description of the charges against him to enable him to adequately prepare a defense. *Williams v. State*, 445 So.2d 798 (Miss.1984), *cert. denied*, 469 U.S. 1117, 105 S.Ct. 803, 83 L.Ed. 2d 795 (1985). In *State v. Blea*, 84 N.M. 595, 598, 506 P.2d 339, 342 (Ct.App.1973), we noted that:

> An indictment or information is valid and · sufficient if it charges in one or more of the following ways: (1) By using the name given to the offense by the common law or by a statute; (2) by stating so much of the definition of the offense * * * as is sufficient to give the court and the defendant notice of what offense is intended to be charged; or (3) by referring to a section or subsection of any statute creating the offense charged therein.

In this case, the indictment charges:

> That on or about the 28th day of June, 1984, in Santa Fe County, New Mexico, the defendant, David Morton, did commit the crime of Murder when he did, without lawful justification, kill Teri Lynn Mulvaney, contrary to Section 30–2–1 A and B[,] NMSA 1978, a capital felony.

Defendant maintains that the indictment is insufficient to charge him with an offense for which the death penalty may be imposed, notwithstanding that the indictment recites that the crime is a capital felony and refers to the statute creating the offense. Defendant argues that absent the specific allegation of aggravated circumstances in the indictment, the state is precluded from seeking the death penalty. We disagree.

This is an issue of first impression in New Mexico. The weight of authority from other jurisdictions is that in death penalty cases, unless the aggravation is an element of the crime, the state need not inform a defendant of aggravating circumstances in the indictment. *See, e.g., People v. Davis*, 95 Ill.2d 1, 69 Ill.Dec. 136, 447 N.E.2d 353, *cert. denied*, 464 U.S. 1001, 104 S.Ct. 507, 78 L.Ed.2d 697 (1983); *State v. Williams*, 304 N.C. 394, 284 S.E.2d 437 (1981), *cert. denied*, 456 U.S. 932, 102 S.Ct. 1985, 72 L.Ed.2d 450 (1982). Those states requiring specific notice of aggravating circumstances in the indictment in death penalty cases have statutes that either specifically require notice or that contain specific aggravating circumstances as elements of capital murder. *See, e.g., Hubbard v. State*, 500 So.2d 1204 (Ala.Cr.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1591, 94 L.Ed.2d 780 (1987); *Davis v. State*, 477 N.E.2d 889 (Ind.), *cert. denied*, 474 U.S. 1014, 106 S.Ct. 546, 88 L.Ed.2d 475 (1985); *Crawford v. State*, 632 S.W.2d 800 (Tex. App.1982).

■ Aggravating circumstances are not elements of the capital felony with which defendant was charged in the indictment. *See* NMSA 1978, § 30–2–1(A) (Repl.Pamp. 1984). The aggravating circumstances that

defendant contends must be charged in the indictment are found in New Mexico's Capital Felony Sentencing Statutes at NMSA 1978, Section 31–20A–5 (Repl.Pamp.1987). Under New Mexico's statutory scheme, upon conviction of a capital felony, the trial court conducts a separate sentencing proceeding to determine whether defendant should be sentenced to death or to life imprisonment. NMSA 1978, §§ 31–20A–1 to –6 (Repl.Pamp.1987). In arriving at the sentence, the jury or judge must weigh aggravating and mitigating circumstances against each other. § 31–20A–2. The sentence arrived at upon consideration of aggravating and mitigating circumstances is a consequence of the criminal conviction and not an element of the underlying murder charge. *Cf. State v. Barreras*, 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975) (the sentence is not an element of the conviction; rather, it is a consequence of the conviction). The outcome of the sentencing proceedings do not affect the underlying conviction of a capital felony. Even an error in the sentencing proceeding cannot result in reversal of the conviction. § 31–20A–4(D). Accordingly, we join those authorities holding that the state need not inform a defendant of aggravating circumstances in the indictment. *See People v. Davis; Williams v. State; State v. Williams.*

▮ The indictment recites that the crime is a capital felony and also refers to the statute creating the offense. Thus, the indictment is sufficient. *See State v. Blea.* Further, when a person is charged with a capital felony, he is put on notice that the capital felony sentencing procedures will be utilized if a conviction is obtained, *Castillo v. State*, 739 S.W.2d 280 (Tex.Cr.App.1987) (En Banc), including the specific aggravating circumstances allowed. *Williams v. State.*

Defendant relies heavily on *State v. Blea* in arguing that the specific aggravation contemplated by the state should have been alleged in the indictment. Our decision in the present case does not conflict with *Blea*. In *Blea*, the defendant was charged in the indictment with statutory rape. The indictment contained no notice that a firearm was used in commission of the crime or any reference to the firearm enhancement statute. Thus, the indictment provided defendant no notice whatsoever that he could or would be accused of using a firearm in the commission of the crime. Accordingly, we held that the state's failure to allege, in the indictment, the use of a firearm in the commission of the crime precluded sentence enhancement proceedings under NMSA 1953, Section 40A–29–3.-1(A) (Repl.Vol.1964, Supp.1969). In the present case, the indictment specifically charges defendant with commission of a capital felony. Defendant was thereby given notice that, if convicted, the court would consider any of the relevant aggravating circumstances listed in Section 31–20A–5 in the sentencing proceedings. *See Williams v. State; Castillo v. State.*

Moreover, in *State v. Barreras*, wherein we reviewed our decision in *Blea*, we expressly disapproved of the language in *Blea* that the firearm enhancement provision created a new class of crimes. *State v. Barreras*, 88 N.M. at 54, 536 P.2d at 1110. We held that the enhanced penalty for using a firearm is a consequence of the conviction rather than an element of the conviction. *Id.; see also State v. Encinias*, 104 N.M. 740, 726 P.2d 1174 (Ct.App.1986) (sentence is not an element of the conviction).

▮ Our decision accords with New Mexico precedent concerning a defendant's right to pretrial notice that he may be sentenced as a second offender. In *State v. Stout*, 96 N.M. 29, 627 P.2d 871 (1981), the supreme court held that a defendant need not be given notice before trial on the substantive offense that enhancement might be sought after conviction. Due process is satisfied where the state files some pleading by which defendant is given notice and an opportunity to be heard prior to imposition of the enhanced penalty. *Id.; State v. Rhodes*, 76 N.M. 177, 413 P.2d 214 (1966).

▮ We caution, however, that if the state intends to rely on evidence admitted at trial to establish an aggravating circum-

stance, *see* § 31–20A–1(C), it may be required to give notice of that aggravating circumstance before trial. We note that, prior to trial, the state filed notice of its intent to claim aggravating circumstances. The notice specifically stated that the state would present evidence of aggravation pursuant to Section 31–20A–5(B) and (G). We believe this notice satisfies due process. *See State v. Stout; State v. Rhodes; see also State v. Trimble,* 638 S.W.2d 726 (Mo. 1982) (En Banc), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983) (statutorily required notice of aggravation given defendant before trial satisfies due process).

■ Defendant also relies heavily upon *People v. Davis* for the proposition that stating the aggravating circumstances in the indictment is the "preferable" practice in Illinois. We note that the indictment in that case was nevertheless deemed sufficient because the defendant received notice of the particular aggravating circumstances prior to trial. Further, the Illinois Supreme Court subsequently held that there is no constitutional requirement that aggravating factors be charged even though this procedure is preferable. *See People v. Owens,* 102 Ill.2d 88, 79 Ill.Dec. 663, 464 N.E. 2d 261, *cert. denied,* 469 U.S. 963, 105 S.Ct. 362, 83 L.Ed.2d 297 (1984). While we also express a preference for the policy of stating aggravating circumstances in the indictment, we do not believe that this is constitutionally required.

Defendant next argues that this state's Use Notes and Committee Commentaries to the Uniform Jury Instructions regarding capital felony sentencing implicitly require that aggravating circumstances be charged in the indictment. There are numerous references throughout these Use Notes and Commentaries to the effect that aggravating circumstances must be "charged." *See, e.g.,* SCRA 1986, 14–7010; *see also State v. Garcia,* 99 N.M. 771, 778, 664 P.2d

969, 976, *cert. denied,* 462 U.S. 1112, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983) (in determining whether to impose the death penalty, jury must determine whether murder committed under aggravating circumstances as "charged"). Defendant argues that a "charge" is an allegation in "a formal complaint, information or indictment." *Black's Law Dictionary* 211 (5th ed. 1979). *Black's, supra,* also defines "charge" simply as "an accusation." *Id.* Defendant engages in semantics. We are not persuaded that the committee had formal indictments and informations in mind in using the word "charge" in Use Notes and Committee Commentaries. Accordingly, we find no merit to defendant's argument.

■ Finally, we hold that the state's filing of its notice of intent to claim aggravating circumstances did not circumvent the traditional role of the grand jury in determining probable cause. The grand jury found probable cause that the underlying offense of capital murder had been committed. It need not have determined probable cause for the existence of aggravating circumstances, a matter affecting only the degree of defendant's punishment if convicted.

In the present case, aggravating circumstances not being elements of murder, and the indictment sufficiently apprised defendant of the charges, we affirm the trial court. The request for oral argument is denied. SCRA 1986, 12–214(A).

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.