899 P.2d 603

**In the Matter of RUBEN O., a Child.**

**No. 15627.**

Court of Appeals of New Mexico.

April 20, 1995.

Certiorari Denied June 29, 1995.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

Tom Udall, Atty. Gen., Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

## OPINION

DONNELLY, Judge.

The Child appeals the judgment and disposition of the children's court determining that he is a delinquent child and in need of care and rehabilitation. We discuss three issues: (1) whether the children's court erred in granting the State an extension of time within which to commence the adjudicatory hearing; (2) whether the children's court erred in finding that the Child's demand for a jury trial was untimely; and (3) whether there was substantial evidence to find that the Child committed the delinquent act of conspiracy to commit aggravated assault and battery. Because we find that the Child's demand for a jury trial was timely, we reverse.

## BACKGROUND AND PROCEDURAL HISTORY

The Child was taken into custody and charged with being one of several individuals who assaulted and attacked Everitt Murphy in Tucumcari, New Mexico. As a result of this incident, a petition was filed charging the Child with five separate delinquent acts, and alleging that he was in need of care or rehabilitation.

The petition was filed on December 27, 1993. That same day the children's court entered an order appointing Patricia A. Parke, an attorney in private practice in Tucumcari, to represent the Child. The order appointing Parke recited that service of a copy of the order was made by being "mailed/delivered to the within named law firm on the 27th day of December, 1993." At subsequent proceedings, the State was unable to establish the exact date or method of service of a copy of the order appointing Parke as the Child's attorney.

On December 28, 1993, Parke appeared in court to represent the Child at a detention hearing and orally recorded her appearance on the record. Following the hearing, the children's court ordered that the Child be held in detention pending an adjudicatory hearing. On January 7, 1994, Parke filed a written demand for a jury trial on behalf of the Child. On January 24, 1994, the State orally moved that the Child be released from detention pending an adjudicatory hearing. The children's court approved this request that same day and entered an order releasing the Child from detention.

On January 26, 1994, the State filed a written motion requesting that the children's court deny the Child's demand for a jury trial. Following a hearing, the children's court denied the Child's jury demand. Thereafter, the case was set for trial before the children's court on March 7, 1994.

At the conclusion of the trial, the children's court dismissed three of the charges against the Child and found that he committed the delinquent acts of conspiracy to commit aggravated assault and battery. On April 26, 1994, the children's court entered a dispositional order directing that the Child be placed in the custody of the Children, Youth and Families Department for a period not to exceed two years.

*TIMELINESS OF ADJUDICATORY HEARING*

The Child argues that the State was granted an improper extension of time for trial because he was held in detention from December 28, 1993 until January 24, 1994, and was released from detention on the motion of the State due to its admitted inability to commence an adjudicatory hearing within thirty days of the date the Child was ordered to be held in detention.

SCRA 1986, 10–226 [hereinafter referred to as Children's Court Rule], provides in applicable part:

A. **[Child] in detention.** *If the [Child] is in detention, the adjudicatory hearing shall be commenced within thirty (30) days from whichever of the following events occurs latest:*

(1) the date the petition is served on the [Child];

(2) if the proceedings have been stayed on a finding of incompetency to stand trial, the date an order is filed finding the [Child] competent to participate in an adjudicatory hearing;

(3) if a mistrial is declared or a new adjudicatory hearing is ordered by the children's court, the date such order is filed;

(4) in the event of an appeal, the date the mandate or order is filed in the children's court disposing of the appeal;

(5) if the [Child] fails to appear at any time set by the court, the date the [Child] is taken into custody after the failure to appear; or

(6) in the event a motion for transfer is filed by the children's court attorney, the date an order is filed denying the motion.

B. **[Child] not in detention.** *If the [Child] is not in detention or has been released from detention prior to the expiration of the time limits set forth in Paragraph A of this rule, the adjudicatory hearing shall be commenced within ninety (90) days from whichever of the following events occurs latest:*

(1) the date the petition is served on the [Child];

(2) if the proceedings have been stayed on a finding of incompetency to participate in the adjudicatory hearing, the date an order is filed finding the [Child] competent to participate in an adjudicatory hearing;

(3) if a mistrial is declared or a new adjudicatory hearing is ordered by the

children's court, the date such order is filed;

(4) in the event of an appeal, the date the mandate or order is filed in the children's court disposing of the appeal;

(5) if the [Child] fails to appear at any time set by the court, the date the [Child] is taken into custody after the failure to appear; or

(6) in the event a motion for transfer is filed by the children's court attorney, the date an order is filed denying the motion. [Emphasis added.]

Under Children's Court Rule 10–226(E), "[i]f the adjudicatory hearing on any petition is not [commenced] within the times specified in Paragraph A or B of this rule or within the period of any extension granted [by the Supreme Court], the petition shall be dismissed with prejudice."

The Child contends that because the State initially moved to have the Child held in detention and succeeded in keeping the Child in detention for a period of twenty-eight days, two days short of the thirty-day time limit for commencing the adjudicatory hearing for a child held in custody, the State's belated request for the Child's release from detention shortly prior to the time it would be required to go to trial amounted to an improper extension of time for conducting the trial on the merits.

■ The State contends that the Child failed to preserve this issue; therefore, it is not subject to appellate review. A claim of lack of preservation, however, does not apply when the issue sought to be raised on appeal involves a question of jurisdiction. *See Perea v. Baca,* 94 N.M. 624, 626, 614 P.2d 541, 543 (1980) (jurisdiction of trial court may be raised at any time, since trial court's decision would be invalid if it is without jurisdiction); *see also State v. Doe,* 95 N.M. 90, 93, 619 P.2d 194, 197 (Ct.App.1980) (jurisdictional issues may be raised for first time on appeal). Moreover, as observed in the Committee Commentary to Children's Court Rule 10–226, the time limits set forth in the rule are jurisdictional. Thus, we address the merits of the Child's first issue on appeal.

■ The State argues that even if this issue is addressed on appeal, the language of Children's Court Rule 10–226(B) extending the time for conducting an adjudicatory hearing where the Child is released from custody, is dispositive. We agree. Children's Court Rule 10–226(B) states that if the Child *"is not in detention or has been released from detention prior to the expiration of the time limits set forth in Paragraph A of this rule, the adjudicatory hearing shall be commenced within ninety (90) days"* of the filing of the petition. (Emphasis added.) It is undisputed that the adjudicatory hearing in this case was held within the ninety-day time limit prescribed by the rule, and that the Child was released from detention prior to the expiration of the thirty-day deadline. Thus, we find that the adjudicatory hearing was begun within the time limits prescribed by the rule.

## WAS THE DEMAND FOR A JURY TRIAL TIMELY?

■ As noted above, the State filed the petition in this case on December 27, 1993, and the children's court signed an order appointing Parke to represent the Child on the same day. Although the record does not reflect the exact date the order was served upon the Child's attorney, it is undisputed that Parke orally entered her appearance at the detention hearing on December 28, 1993, and she placed her signature on the detention order issued by the children's court noting that she had reviewed the order prior to its entry on that day.

Resolution of the issue of whether the Child's demand for a jury trial was timely involves the interplay between three Children's Court Rules: Rule 10–106(A) (computation of time); Rule 10–113(A) (entry of appearance); and Rule 10–228(A) (demand for jury trial). Children's Court Rule 106(A) states in part:

In computing any period of time prescribed or allowed by these rules, by the local rules of any children's court, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included, unless otherwise pro-

vided by these rules. The last day of the period so computed shall be included, unless it is a Saturday, Sunday or legal holiday....

Children's Court Rule 10–113(A) provides:

Whenever counsel undertakes to represent a party in any children's court action, he immediately shall file a written entry of appearance in the cause, unless he has been appointed by written order of the court. For the purpose of this rule, the filing of any pleading signed by counsel constitutes an entry of appearance.

Children's Court Rule 10–228(A) states:

*A demand for trial by jury in delinquency proceedings shall be made in writing to the court within ten (10) days from the date the petition is filed or within ten (10) days from the appointment of an attorney for the [Child] or entry of appearance by counsel for the [Child], whichever is later.* If demand is not made as provided in this paragraph, trial by jury is deemed waived. [Emphasis added.]

On the day following her appointment, Parke appeared in court to represent the Child and entered her oral appearance on behalf of the Child. A written demand for a jury trial was filed on January 7, 1994. The jury trial demand was filed eleven days after the entry of the order appointing Parke; however, the jury demand was filed ten days after Parke's oral entry of appearance at the December 28 detention hearing. At the hearing on the motion to quash the demand for a jury trial, the State argued that since Children's Court Rule 10–228 provides that a demand for a jury trial must be filed within ten days from the date the petition was filed or within ten days from the time the order appointing an attorney was entered, the demand in the instant case was untimely because it was filed eleven days after Parke was appointed. In furtherance of this argument, the State contends that the time for filing a jury demand began running on the date of her appointment as the Child's attorney. We find this argument unpersuasive.

■ The State was unable to establish the date Parke was served with a copy of the children's court order appointing her to represent the Child. The certificate of service, executed by a juvenile probation officer, failed to clearly specify the method or time that service of the order of appointment was made upon Parke. It was incumbent upon the State to show the manner and time by which service was made on Parke. Absent a showing by the State that Parke was personally served with a copy of the written order appointing her as the Child's attorney on December 27, 1993, we conclude that her oral entry of appearance at the December 28, 1993, detention hearing was the event that triggered the running of the ten-day time period prescribed by Children's Court Rule 10–113(A) for filing the demand for a jury trial in the instant case. *See Sun Country Sav. Bank v. McDowell,* 108 N.M. 528, 532, 775 P.2d 730, 734 (1989) (formal entry of appearance is unnecessary if attorney has entered constructive appearance before the court). Using Children's Court Rule 10–106(A) to compute the applicable time period herein, we conclude that the day that Parke appeared in court and orally entered her appearance on behalf of the Child should not be included, and the ten-day period within which to file the demand for a jury trial would have expired on January 7, 1994. Thus, the Child's demand for a jury trial on that date was timely. The trial court cannot refuse a jury trial to a party who makes a timely demand. *In re Will of Ferrill,* 97 N.M. 383, 390, 640 P.2d 489, 496 (Ct.App. 1981), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982).

■ Although we find this issue dispositive and to necessitate remand for a trial by jury, we review the Child's third issue relating to the sufficiency of the evidence since, if the Child is successful in pursuing this claim, it would preclude retrial of the conspiracy charge. *See State v. Rotibi,* 117 N.M. 108, 112, 869 P.2d 296, 300 (Ct.App.) (if reviewing court determines there is insufficient evidence to support conviction, remand for new trial is obviated), *cert. denied,* 117 N.M. 215, 870 P.2d 753 (1994).

*SUFFICIENCY OF EVIDENCE*

■ The Child's final issue raised on appeal challenges the sufficiency of the evi-

dence to support the children's court's finding that the Child committed the delinquent act of conspiracy to commit aggravated assault. In reviewing a claim of insufficiency of evidence, the standard of appellate review is well established. In determining the sufficiency of evidence, this Court must ascertain whether there is substantial evidence of a direct or circumstantial nature to support a finding of guilt beyond a reasonable doubt with respect to every element essential to each conviction. *State v. Ungarten*, 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App. 1993). In applying this test, we scrutinize the evidence contained in the record in a light most favorable to sustain the decision entered below. *State v. James M.*, 111 N.M. 473, 474, 806 P.2d 1063, 1064 (Ct.App.1990), *cert. denied*, 111 N.M. 529, 807 P.2d 227 (1991); *see also State v. Benny E.*, 110 N.M. 237, 245, 794 P.2d 380, 388 (Ct.App.1990).

 Under NMSA 1978, Section 30–28–2(A) (Repl.Pamp.1994), the offense of conspiracy consists of "knowingly combining with another for the purpose of committing a felony within or without this state." *See also State v. Chavez*, 99 N.M. 609, 611, 661 P.2d 887, 889 (1983) (conspiracy is defined "as a common design or agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means."). Whether the Child combined with another for an unlawful purpose may be shown by circumstantial evidence or by a showing that evidence exists in the record from which reasonable inferences may be drawn supporting the existence of a conspiracy as shown from the facts and circumstances. *State v. Sanders*, 117 N.M. 452, 458, 872 P.2d 870, 876 (1994); *State v. Ross*, 86 N.M. 212, 214, 521 P.2d 1161, 1163 (Ct. App.1974).

The record establishes that the Child was one of a group of people who assaulted Murphy and a companion, Chris Ross, on a street in Tucumcari. The Child shouted at Murphy and Ross and then ran toward the victims. The Child threw Ross to the ground and then punched Murphy. One of those confronting Murphy and Ross then threatened to shoot Murphy the next day. The Child told Ross, "I'll come after you, too." When Murphy attempted to run away, the Child and several others chased him, and the Child struck him again. At that point, one of the Child's companions struck Murphy with one hand while holding a long knife in a menacing manner in his other hand. From these facts, the children's court could reasonably find that the Child was an accessory to the charge of aggravated assault. *See* NMSA 1978, § 30–1–13 (Repl.Pamp.1994).

*CONCLUSION*

The judgment and disposition are reversed, and the cause is remanded for a trial by jury on the charges of conspiracy and battery.

IT IS SO ORDERED.

ALARID and BLACK, JJ., concur.