1997-NMCA-083

944 P.2d 894

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Dionisio A. TAFOYA, Defendant–Appellant.**

**No. 18306.**

Court of Appeals of New Mexico.

June 18, 1997.

Certiorari Denied Aug. 15, 1997.

Tom Udall, Attorney General, Santa Fe, for Appellee.

T. Glenn Ellington, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, for Appellant.

*OPINION*

ARMIJO, Judge.

1. Defendant appeals his conviction of driving while intoxicated, first offense. Our calendar notice proposed summary affirmance. Defendant has timely responded with a memorandum in opposition. Not persuaded by his arguments, we affirm.

2. An officer responding to a call regarding a vehicle parked diagonally in the right-hand lane of Isleta Boulevard in Albuquerque, New Mexico found Defendant asleep at the wheel. The key was in the ignition of the vehicle in the "on" position, but the engine was not running. Defendant, responding to the officer's questions, told him that the car had broken down. Defendant had been driving it on his way home when it broke down. There is no question that Defendant was intoxicated. Further, there is no question that the vehicle was inoperable at the time the officer approached Defendant. The question is whether Defendant was "driving" as that term is construed in the DWI statute.

3. It is well-settled in New Mexico that motion of the vehicle is not required to support a conviction for DWI. *Boone v. State*, 105 N.M. 223, 226, 731 P.2d 366, 369 (1986) (defendant sitting in the driver's seat with the engine running parked in a traffic lane); *State v. Harrison*, 115 N.M. 73, 76, 846 P.2d 1082, 1085 (Ct.App.1992) (defendant slumped over steering wheel of vehicle parked ten feet from curb in traffic lane with keys in ignition, engine running, and foot on the brake). Here, Defendant argues that because the vehicle was inoperable, he was not driving or in control of the vehicle. He relies on out-of-state authority for his claim that the inoperability of the vehicle can be a defense. *See Jones v. State*, 510 So.2d 1147 (Fla.Dist.Ct.App.1987). We are not persuaded that we should rely on out-of-state authority when the elements of the crime are different.

4. Defendant also argues that the newly enacted jury instruction for DWI, NMUJI 14–4511, 1997 Advance Annotation and Rules Service (Apr.1997), supports his argument. He contends that because the new jury instruction uses the word "operate" instead of "drive," the operability of the vehicle is a factor to be considered. We disagree. As defined in NMUJI 14–4511, the term "operating" is synonymous with the term "driving." The language of this instruction is patterned upon the definition of "driver" as set out in the Motor Vehicle Code. *See* NMSA 1978, § 66–1–4.4(K) (Repl. Pamp.1994). The latter section defines "driver" to mean

> every person who drives *or is in actual physical control of a motor vehicle,* including a motorcycle, upon a highway, who is exercising control over or steering a vehicle being towed by a motor vehicle or who operates or is in actual physical control of an off-highway motor vehicle[.] [Emphasis added.]

As the committee commentary notes, operating a motor vehicle can include a number of situations including driving, control over a vehicle being towed, or control of a vehicle on a street even if the person is asleep and not actually driving.

5. Under the facts of the case here where Defendant was driving and his vehicle stopped, he is still in control of the vehicle and it is on the road. Thus, even though he can no longer drive it, he is "in actual physical control whether or not the vehicle is moving if the vehicle is on a highway." NMUJI 14–4511, second alternative. There was no evidence that Defendant pulled over and parked his vehicle. It simply stopped running in the roadway. Defendant remained in control of it.

6. For the reasons stated herein and in the calendar notice, Defendant was driving while intoxicated. The judgment and sentence of the district court are affirmed.

7. **IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.