1999-NMCA-092

985 P.2d 1205

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Chuck WENGER, Defendant–Appellee.**

No. 19,692.

Court of Appeals of New Mexico.

May 19, 1999.

Certiorari Granted, No. 25,796, June 30, 1999.

Patricia A. Madrid, Attorney General, Patricia Gandert, Ass't Attorney General, Santa Fe, for Appellant.

Liane E. Kerr, Albuquerque, for Appellee.

## OPINION

PICKARD, Chief Judge.

{1} The State appeals the district court's dismissal of a charge of driving while intoxicated (DWI) against Defendant. The district court dismissed the charge because Defendant was arrested while in actual physical control of a non-moving vehicle on private property. Based on a common-sense interpretation of the DWI statute, NMSA 1978, § 66-8-102 (1997), related statutes, the cases that have interpreted them, and the relevant uniform jury instruction, UJI 14-4511 NMRA 1999, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} The parties stipulated to the facts of this case. On January 10, 1998, Aztec Police Officer Todd Charles received a call reporting an intoxicated driver in a tan Dodge truck with Texas license plate number RLO408. Officer Charles located the described truck at an Aztec address. The truck was parked on private property. Officer Charles found Defendant in the driver's seat of the truck with the keys in the ignition, but the vehicle's engine was not running.

{3} Officer Charles asked Defendant to step out of the vehicle. The officer observed that Defendant had slurred speech and watery eyes and smelled strongly of alcohol. Defendant failed the horizontal-gaze-nystagmus test and the walk-and-turn test. Defendant refused to complete the one-leg-stand test. The officer arrested Defendant for driving while under the influence of intoxicating liquor. Defendant agreed to breath testing, which registered his blood alcohol content at .35 and .34.

{4} The magistrate court found Defendant guilty of aggravated DWI and consumption or possession of alcoholic beverages in open containers in a motor vehicle, NMSA 1978, § 66-8-138 (1989). On appeal to the

district court, the State dismissed the open-container count and the trial court granted Defendant's motion to dismiss the DWI. The district court ruled that although Defendant was in actual physical control of the truck, Defendant was not in violation of the statute because the truck was not on a highway as required by UJI 14-4511. The State now appeals the dismissal, arguing that the trial court misapplied the DWI statute. To the extent that the State may be arguing that there is evidentiary support for an inference that Defendant was driving while intoxicated on the highway, this argument was not preserved in the trial court. See State v. Lopez, 99 N.M. 385, 386, 387, 658 P.2d 460, 461, 462 (Ct.App.1983) (holding that it is the State's burden, as appellant, to make its contentions known in the trial court).

## DISCUSSION

{5} This case requires us to interpret Section 66-8-102(A) and related statutes. This Court reviews issues of statutory construction and interpretation de novo. See State v. Rowell, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995); State v. Arellano, 1997-NMCA-074, ¶ 3, 123 N.M. 589, 943 P.2d 1042.

{6} The starting point for our analysis is the language of the statutes themselves. The DWI statute provides:

It is unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle within this state.

Section 66-8-102(A). The related statutes that are of concern here are NMSA 1978, § 66-7-2(B) (1978):

The provisions of Section[ ] ... 66-8-102 ... shall apply upon highways and elsewhere throughout the state.

and NMSA 1978, § 66-1-4.4(K) (1991):

"driver" means every person who drives or is in actual physical control of a motor vehicle, including a motorcycle, upon a highway, who is exercising control over or steering a vehicle being towed by a motor vehicle or who operates or is in actual physical control of an off-highway motor vehicle.

{7} Reading the plain language of Section 66-8-102(A) "directly and without nuance," *Bajart v. University of New Mexico*, 1999-NMCA-064, ¶ 8, 127 N.M. 311, 980 P.2d 94, it prohibits what would commonly be thought of as driving when performed by any person who is intoxicated while using any vehicle anywhere in the state. This conclusion is reinforced as to place by Section 66-7-2(B). What would commonly be thought of as driving would presumably include getting into a vehicle, turning it on, placing hands and feet on the controls, and moving the vehicle.

{8} However, driving is not necessarily limited to what is commonly thought of as driving. Our case law to date has been concerned with instances of people asleep or unconscious behind the wheel of a parked vehicle. That case law holds that motion of the vehicle is not required under the statutes, and that a defendant will be found to be driving if he or she is in actual physical control of the vehicle. *See Boone v. State*, 105 N.M. 223, 226, 731 P.2d 366, 369 (1986).

{9} In *Boone*, the defendant was found in the driver's seat of a vehicle, stopped in a traffic lane, and with the vehicle's engine running. *See id.* at 224, 731 P.2d at 367. In *State v. Harrison*, 115 N.M. 73, 74-75, 846 P.2d 1082, 1083-84 (Ct.App.1992), the defendant was found unconscious or asleep at the wheel of an automobile that was parked in a traffic lane. The ignition was on and the transmission was in drive. *See id.* at 75, 846 P.2d at 1084. Most recently, in *State v. Tafoya*, 1997-NMCA-083, ¶ 2, 123 N.M. 665, 944 P.2d 894, the defendant was found sleeping in the driver's seat of a vehicle that was parked diagonally in a traffic lane with the key in the "on" position. The vehicle had broken down and was inoperable when the police arrived. Our Courts in each of these cases ruled that the defendant was "driving" based on evidence that each defendant exercised actual physical control over the vehicle. The defendant in each case had actual physical control over a vehicle that was on a public road and in a traffic lane.

{10} The only New Mexico case that appears to fall outside this trend is *State v. Rivera*, 1997-NMCA-102, ¶¶ 1-2, 124 N.M. 211, 947 P.2d 168. In *Rivera*, we held that there was sufficient evidence of DWI when the defendant was asleep or unconscious at the wheel of his car in his front yard. *See id.* ¶ 5. Despite the fact that this case appears to be out of line with the others because the defendant was arrested on private property, it does not necessarily defeat the proposition that DWI based on actual physical control must occur on a public road. That specific issue did not appear to be raised in *Rivera*. *Rivera* involved only a general challenge to the sufficiency of the evidence to convict. We acknowledge that sufficiency-of-the-evidence review implies an inquiry into the elements of a crime because it requires a reviewing court to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). But because the parties in *Rivera* did not specifically address the distinction between public roads and private property as an element of the offense, we did not consider that question in the case. Cases are not authority for propositions not considered in their decision. *See Fernandez v. Farmers Ins. Co.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993). Therefore, we do not read *Rivera* as requiring reversal in this case.

{11} In contrast to the cases that uphold DWI convictions based on the actual physical control of a vehicle on a road, the vehicle in Defendant's case was parked on private property, not on a highway or in a traffic lane. The keys were in the ignition, but the engine was not running. While we agree with the State that the applicability of the DWI statute is not limited to driving while intoxicated on highways, *see* § 66-7-2(B) (applying DWI statute, Section 66-8-102, "upon highways and elsewhere throughout the state"), we are concerned that the State's analysis is inconsistent with the language of the relevant statutes. It also appears inconsistent with the preferred rule of construction that meaning should be given to all statutes before one statute is considered to be an exception to, or an implied repeal of, another statute. *See State ex rel. Bird v. Apodaca*, 91 N.M. 279, 283, 573 P.2d 213, 217 (1977) (holding that implied repeals are not

favored and that courts are duty bound to reconcile statutes whenever they can do so); *State v. Arellano,* 1997–NMCA–074, ¶ 4, 123 N.M. 589, 943 P.2d 1042 (holding that general/specific rule applies only when statutes cannot be harmonized); *Mathieson v. Hubler,* 92 N.M. 381, 394, 588 P.2d 1056, 1069 (Ct.App.1978) (stating that courts are to "give effect to all of the provisions of a statute" and "reconcile different provisions so as to make them consistent and harmonious").

{12} The State's analysis relies primarily on *Boone,* 105 N.M. at 226, 731 P.2d at 369. In *Boone,* our Supreme Court incorporated the Motor Vehicle Code's definition of drivers from Section 66–1–4.4(K) into Section 66–8–102(A) and then held that the definition of drivers as persons "upon a highway" did not control the meaning of "driving" in DWI offenses, thereby reading the language "upon a highway" out of Section 66–1–4.4(K). *See Boone,* 105 N.M. at 226 n. 1, 731 P.2d at 369 n. 1 (quoting 1978 N.M. Laws, ch. 35, § 372). The Court did this pursuant to the rationale that a specific statute is construed as exception to a general statute. *See id.*

{13} However, because Boone was in fact on the highway, the Court's footnote one can be considered unnecessary dicta. Thus, the question of whether a DWI charge can be based on the actual physical control of a non-moving vehicle on private property is actually an issue of first impression in this state. Because of the statutory language and because of the preferred rules of construction, we hold that when a DWI charge is based on "actual physical control" rather than "driving," the offense must take place on a highway as defined by the Motor Vehicle Code. *See* NMSA 1978, § 66–1–4.8(B) (1991) (" 'highway' ... means every way or place generally open to the use of the public as a matter of right for the purpose of vehicular travel").

{14} The recently enacted Uniform Jury Instruction 14–4511 supports the distinction between DWI on a highway and DWI where the vehicle is off of the highway on private property. The cases discussed above plainly state that when a vehicle is on the highway, a defendant need only be in actual physical control of it, and it need not be in motion. *See also* UJI 14–4511 ("A person is 'operat-

ing' a motor vehicle if the person is ... in actual physical control whether or not the vehicle is moving if the vehicle is on a highway[.]"). However, the situation off of a public road appears to be different. According to the committee commentary to UJI 14–4511, "if [defendant] is in physical control of the vehicle, but not actually driving the vehicle, and the vehicle is off the road, [defendant] is not guilty of driving while under the influence."

{15} To the extent that footnote number one in *Boone,* 105 N.M. at 226, 731 P.2d at 369, appears to incorporate in wholesale fashion all of the definitions of driving set forth in Section 66–1–4.4(K), whether on the highway or not, into Section 66–8–102, we believe that the Supreme Court's more recent adoption of UJI 14–4511 more faithfully reflects the pertinent statutory language. In addition, the adoption of UJI 14–4511 gives primacy to the rule that we attempt to give effect and meaning to all parts of a statute, reconciling them where possible, rather than holding that one takes precedence over any other. *See High Ridge Hinkle Joint Venture v. City of Albuquerque,* 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (reciting the rule "that where several sections of a statute are involved, they must be read together so that all parts are given effect"); *Key v. Chrysler Motors Corp.,* 1996–NMSC–038, 121 N.M. 764, 769, 918 P.2d 350, 355 (restating the general principle of statutory construction that statutes are to "be read in their entirety and each part construed in connection with every other part to produce a harmonious whole"); *State ex rel. Maloney v. Neal,* 80 N.M. 460, 462, 457 P.2d 708, 710 (1969) (applying the rule that, if possible, a statute "should be construed to give effect to all of its provisions so that one part will not destroy another"). We believe that this construction of the DWI statutes is preferable to the one in *Boone*'s footnote one which held that Section 66–8–102(A) necessarily incorporates the definition of driver, a part of which (the part about "upon a highway") is then read out of existence by the presence of Section 66–7–2(B).

{16} This result not only serves what our cases have held to be the legislative intent of the DWI statute, but also results in a common-sense application of the statute.

**630**

The public policy behind the DWI statute is to protect the public by removing intoxicated drivers from New Mexico's roads. *See Incorporated County of Los Alamos v. Johnson,* 108 N.M. 633, 634, 776 P.2d 1252, 1253 (1989); *see also Harrison,* 115 N.M. at 77, 846 P.2d at 1086 (noting the policy behind the DWI statute is to "prevent individuals from driving or exercising actual physical control over a vehicle when they, either mentally or physically, or both, are unable to exercise the clear judgment and steady hand necessary to handle a vehicle with safety both to themselves and the public"); *State v. Richardson,* 113 N.M. 740, 742, 832 P.2d 801, 803 (Ct.App.1992) (same).

{17} Charging intoxicated drivers on our highways with DWI clearly serves the underlying policies of the DWI statute, whether the vehicle is moving or not. So too does the application of the statute to intoxicated drivers of moving vehicles on private property. The application of the DWI statute to stationary vehicles on private property, however, would not as clearly serve such purposes. In fact, the situation in which the opposite result would obtain is likely quite common. For example, an individual who gets behind the wheel in a private residential driveway or the private parking lot of a public restaurant or bar only to then realize that he or she is too intoxicated to drive could be charged with DWI, despite the fact that this decision not to drive is a preferable outcome to having the intoxicated person put the car in motion. We therefore hold that the DWI statute, Section 66–8–102, does not apply to an individual solely in actual physical control of a non-moving vehicle on private property.

**CONCLUSION**

{18} The trial court's dismissal of the DWI charge against Defendant is hereby affirmed.

{19} **IT IS SO ORDERED.**

DONNELLY and BUSTAMANTE, JJ., concur.