1999-NMCA-148

993 P.2d 93

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Joseph GRACE, Defendant–Appellant.**

**No. 19530.**

Court of Appeals of New Mexico.

Sept. 10, 1999.

Certiorari Denied, No. 25,981,
Nov. 15, 1999.

**380**

Patricia A. Madrid, Attorney General, Ralph E. Trujillo, Assistant Attorney General, Santa Fe, for Appellee.

Roger Michener, Michener & Parnall, LLC, Albuquerque, for Appellant.

## OPINION

**WECHSLER, Judge.**

{1} Defendant Joseph Grace appeals his conviction for driving while intoxicated (DWI), arguing that he was entitled to a jury trial in district court. Defendant also claims that there was insufficient evidence to prove "driving activity." We hold that Defendant was entitled to a jury trial in the district court and therefore reverse his conviction and remand for a new trial. Because the State could not retry Defendant if it produced insufficient evidence in district court, we address the issue and hold that the State presented sufficient evidence of driving activity.

### Procedural History

{2} The State charged Defendant in magistrate court with DWI, second offense, contrary to NMSA 1978, § 66–8–102(F) (1997), and driving with a suspended or revoked license. Prior to trial, the State dismissed the latter charge. The jury convicted Defendant of DWI, and the magistrate court sentenced Defendant for DWI, second offense. The magistrate court sentenced Defendant to 364 days in jail, with 360 days suspended, and ordered probation, community service, fines, and counseling. Defendant appealed his conviction to the district court for a trial de novo. *See* NMSA 1978, § 35–13–2(A) (1996); Rule 6–703(A) NMRA 1999.

{3} On the eve of trial in district court, Defendant filed a motion reaffirming his right to a jury trial and requesting a jury trial. At argument prior to trial, the State countered that even though Defendant had been convicted of DWI, second offense, under *State v. Anaya*, 1997–NMSC–010, ¶ 25, 123 N.M. 14, 933 P.2d 223, proof of prior DWI convictions is not an element of the offense; therefore the prior conviction is only important for sentencing. The State claimed that the charge presented was only a DWI "basic charge," which carries a maximum penalty of ninety days and that Defendant was therefore not entitled to a jury trial. Defendant argued that because the conviction from which he appealed was DWI, second offense, he was entitled to a jury trial in district court. The court denied Defendant's motion and the case proceeded to a bench trial.

{4} The district court found Defendant guilty of DWI and sentenced Defendant for DWI, first offense. The court sentenced Defendant to two days jail time, fines, and probation. Defendant appeals to this Court, arguing that he has a constitutional right to a jury trial.

### Defendant's Right to a Jury Trial

{5} In *State v. Sanchez*, 109 N.M. 428, 429, 786 P.2d 42, 43 (1990), our Supreme Court examined the Sixth Amendment to the United States Constitution guarantee of an accused's right to trial "by an impartial jury." This provision is applicable to the

states through the Fourteenth Amendment to the United States Constitution. *See Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). In *Duncan*, the United States Supreme Court distinguished between petty offenses and serious crimes. *See id.* at 159, 88 S.Ct. 1444; *accord Sanchez*, 109 N.M. at 429–30, 786 P.2d at 43–44. Subsequently, in *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the United States Supreme Court applied an objective measure and determined that "serious crime" meant an offense which subjected the defendant to a "potential sentence in excess of six months' imprisonment." *Id.* at 69 n. 6, 90 S.Ct. 1886. Thus, when the statute or statutes under which a defendant is charged pose a potential loss of liberty exceeding six months, the defendant has a constitutional right to jury trial. *See Sanchez*, 109 N.M. at 432, 786 P.2d at 46.

{6} In the case on appeal, the criminal complaint in magistrate court charged Defendant with DWI, second offense. As so charged, Defendant faced maximum imprisonment of 364 days. *See* § 66–8–102(F). Indeed, the magistrate court imposed that sentence, but it suspended 360 days. Defendant appealed from this adverse judgment of the magistrate court and was entitled to a de novo trial. Although the trial is de novo, the district court receives the record of the pleadings and exhibits below. *See* Rule 6–703(F).

{7} The State may reduce the charge from DWI, second offense to DWI, first offense, for the trial de novo in district court. *See State v. Lyon*, 103 N.M. 305, 310–11, 706 P.2d 516, 521–22 (Ct.App.1985). There is nothing in the record to indicate that the State sought to take such action in this case. As such, the record indicates only that Defendant was charged with DWI, second offense, a misdemeanor which carried a sentence including 364 days of imprisonment. Consequently, although the State argues on appeal that Defendant was charged and convicted of DWI, first offense, in the district court, we can find nothing in the record or transcript indicating that the charge was anything other than DWI, second offense. While the State equated Defendant's charge to a "basic charge" of DWI, or DWI, first offense, it never took action to amend the charge contained in the complaint to reflect such a modification of the original charge.

{8} The center of the State's argument is the undisputed interpretation of Section 66–8–102 that prior offenses are not elements of the offense charged, but instead are factors that may be considered to enhance the punishment for subsequent DWI offenses. *See Anaya*, 1997–NMSC–010, ¶¶ 11–14, 123 N.M. 14, 933 P.2d 223; *Lyon*, 103 N.M. at 311, 706 P.2d at 522. This analysis, although correct regarding trial procedure, is not relevant for Sixth Amendment purposes. Because of the importance of the possibility of loss of one's liberty, our constitutional analysis to determine the right to a jury trial must be based upon the prospect of imprisonment rather than the burden of proof at trial. *See Sanchez*, 109 N.M. at 431, 786 P.2d at 45.

{9} Nor does the fact that the district court in the case on appeal only convicted Defendant of DWI, first offense, in and of itself, affect our decision. The pertinent inquiry in this case in which collateral consequences are not at issue, *see Sanchez*, 109 N.M. at 431, 786 P.2d at 45, is whether Defendant faced the possibility of more than six months' confinement. *See id.* The relevant time of inquiry is the period immediately before trial.

{10} We note that the State reserved the right to seek to impose the enhanced penalty for DWI, second offense, while at the same time it argued that Defendant's trial only included the elements of DWI, first offense. Under *Sanchez*, if the statutory penalty threatened by the crime with which a defendant is charged exceeds six months of jail time, the defendant is vested with the right to be heard before a jury. Defendant is entitled to rely on the charges brought as notice of the scope of the potential penalty. We further note that this case involves Defendant's right to a jury trial, not an enhancement proceeding on a felony habitual offender case, where the right to a jury trial is not an issue. *See* NMSA 1978, § 31–18–17 (1993); *see also State v. Morton*, 107 N.M. 478, 480, 760 P.2d 170, 172 (Ct.App.1988).

{11} Without amendment to the criminal complaint which charged Defendant with DWI, second offense, Defendant was entitled to a jury trial in the district court. We reverse Defendant's conviction and remand for a new trial with a jury in district court.

### Substantial Evidence of "Driving Activity"

{12} Defendant contends that because the testifying officer never observed any "driving activity," but instead encountered Defendant in his car on the side of the road, there was insufficient evidence to convict Defendant of DWI. We find Defendant's argument without merit. As the State argues, our Courts have held that "being in control of a vehicle [is] synonymous with driving for purposes of the DWI statute." *See Boone v. State,* 105 N.M. 223, 224, 731 P.2d 366, 367 (1986); *State v. Tafoya,* 1997–NMCA–083, ¶ 3, 123 N.M. 665, 944 P.2d 894. *State v. Wenger,* 1999–NMCA–092, 127 N.M. 625, 985 P.2d 1205*cert. granted,* 127 N.M. 391, 981 P.2d 1209 (1999), does not apply in this case because Defendant's car was parked on the shoulder of the road.

{13} In this case, Officer Gerald Toland testified that he saw Defendant's car parked on the shoulder of the road with the engine running. Defendant was the only occupant and he was passed out in the driver's seat. Officer Toland noted a strong odor of alcohol and had difficulty waking Defendant. This evidence was sufficient for the district court to find beyond a reasonable doubt that Defendant was in control of the vehicle. *See In re Ruben O.,* 120 N.M. 160, 165, 899 P.2d 603, 608 (Ct.App.1995).

### Conclusion

{14} We reverse Defendant's conviction of DWI, first offense, because Defendant was entitled to a jury trial based upon the charge of DWI, second offense. We hold that the State presented sufficient evidence of Defendant's control of the car to support the DWI charge.

{15} **IT IS SO ORDERED.**

ARMIJO, J., concurs.

HARTZ, Judge (Concurring).

{16} I join fully in Judge Wechsler's opinion. I write separately only to make clear that we have not resolved all arguments that might have been raised by the State. In particular, the State did not raise the issue whether there is a constitutional right to a jury trial in district court after a jury trial in magistrate court. *Cf. Ludwig v. Massachusetts,* 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976).