**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 28,690**

**JOE D.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Navin H. Jayaram, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Child appeals an order finding that Child committed the traffic violation of careless driving and fining him $25.00. [DS 1] We issued a notice proposing to affirm and, pursuant to an extension, Child has filed a timely memorandum in

opposition. Having considered the arguments raised by Child and remaining unpersuaded, we affirm his conviction.

Child contends that the children's court judge erred by finding that Child committed the lesser included offense of careless driving even though the children's court attorney never requested a finding on that offense. [MIO 3; DS 4] Child raises this contention pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 3] Whether the trial court erred by convicting Child of an uncharged lesser included offense after a bench trial presents a question of law that we review de novo. *State v. Hernandez*, 1999-NMCA-105, ¶ 24, 127 N.M. 769, 987 P.2d 1156.

As discussed at greater length in our notice of proposed summary disposition, Child was originally charged with the delinquent act of reckless driving, but the court found that Child had not committed this delinquent act but had committed the traffic offense of careless driving. [RP 1, 69; DS 3] The children's court acted sua sponte because the State did not ask the court to consider the lesser included offense of careless driving. [MIO 3; DS 3-4]

It is well-established that whenever "one offense is a lesser included offense of a crime named in a charging document, the defendant is put on notice that he must

defend not only against the greater offense as charged but also against any lesser included offense." *State v. Collins,* 2005-NMCA-044, ¶ 8, 137 N.M. 353, 110 P.3d 1090, *superseded by regulation on other grounds as stated in State v. Willie*, 2008-NMCA-030, 143 N.M. 615, 179 P.3d 1223. Child concedes that careless driving is a lesser included offense in the crime of reckless driving. [MIO 3; DS 4] *See* NMRA 1978, § 66-8-113(A) (1987) (describing reckless driving as driving a vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property"); NMRA 1978, § 66-8-114(B) (1978) (describing careless driving as operating "a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances"). Child also acknowledges that our case law has established that the trial court can consider a lesser-included offense even though neither party requests an instruction on that offense. [MIO 3] *See State v. Archuleta*, 108 N.M. 397, 399, 772 P.2d 1320, 1322 (Ct. App. 1989); *cf. Hernandez,* 1999-NMCA-105, ¶ 26 (holding that we apply the same standard whether the state requests a lesser-included offense instruction or the trial court considers a charge sua sponte).

Child contends, however, that in this case he was not put on notice that he might be convicted of a lesser included offense because careless driving is not a delinquent act under the children's code, and he could only be expected to answer to charges governed by NMSA 1978, § 32A-2-3(A)(1) (2005) which describes the jurisdiction of the children's court to adjudicate delinquent acts. [MIO 4] We are unpersuaded.

Child is correct that reckless driving is classified as a delinquent act under the children's code while careless driving is not. *See generally* § 32A-2-3(A)(1). However, it is undisputed that the children's court had jurisdiction when the petition was filed because Child was initially charged with the delinquent act of reckless driving. [RP 1] *See* NMSA 1978, § 32A-2-29(A) (2003). Once the children's court had jurisdiction based upon the reckless driving charge, it also had jurisdiction to consider other motor vehicle offenses that were not considered delinquent acts as long as all the violations were allegedly committed by the child in the same occurrence. *See* § 32A-2-29(B). Therefore, when Child was charged with the delinquent act of reckless driving, he was on constructive notice that the court could also find him guilty of other motor vehicle offenses that were committed during the same occurrence.

4

Based upon the allegations in the petition that Child committed the delinquent act of reckless driving, the children's court had jurisdiction to find that Child committed the motor vehicle offense of careless driving as a lesser included offense to the charged violation of reckless driving.

Child also challenges the sufficiency of the evidence to support the trial court's finding of careless driving. [MIO 5-7]

> In determining the sufficiency of evidence, this Court must ascertain whether there is substantial evidence of a direct or circumstantial nature to support a finding of guilt beyond a reasonable doubt with respect to every element essential to each conviction. In applying this test, we scrutinize the evidence contained in the record in a light most favorable to sustain the decision entered below.

*In re Ruben O.*, 120 N.M. 160, 165, 899 P.2d 603, 608 (Ct. App. 1995) (citations omitted).

As previously stated, careless driving consists of operating "a vehicle in a careless, inattentive or imprudent manner, without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances." § 66-8-114(B). In our notice of proposed summary disposition, we proposed to affirm based upon the evidence introduced at trial.

The evidence showed that Child was involved in an accident and his vehicle went off of the side of the road in a ditch. [See generally RP 42-59] There were no

witnesses to the accident. [MIO 2] Officer Guerrero testified that he arrived at the scene. [DS 3; RP 42] He testified that he did not see the accident, but he measured skid marks of 69 feet and 136 feet. [RP 42; MIO 2] He noted that the vehicle ended up on the left side of the road. [RP 43] The only people at the scene were Child and Child's mother. [RP 43, 46] It was established that the speed limit was 35 m.p.h. and Child admitted to Guerrero that he was going 45 m.p.h. [RP 43] Guerrero testified that he believed Child was going even faster due to the length of the skid marks. [RP 44] Apparently, a diagram of the accident scene recording Guerrero's observations and measurements was introduced in support of his testimony. [RP 60-61] There was also evidence that two of the tires on Child's car popped and there was damage to the undercarriage. [MIO 1]

Child's mother testified that Child called her shortly after the accident from a friend's house. [MIO 2] She picked up Child and returned to the scene of the accident. [MIO 2]

Child testified that he had only been driving three months. [RP 56] He gave an alternative version of events stating that he had swerved to avoid a vehicle that had entered his lane and then drove off. [RP 54-57; MIO 1-1] He testified that the skid marks were caused by his efforts in swerving to miss the oncoming vehicle. [MIO 1]

Child contends that the evidence was insufficient because the children's court relied solely on the testimony of Officer Guerrero. [MIO 6] We disagree. Officer's Guerrero's testimony that Child was driving carelessly was supported by the documented skid marks that indicated a high rate of speed and Child's admission that he was traveling 45 miles per hour. Moreover, Child's statements and Mother's testimony that Child called her after the accident and that she and Child returned to the scene of the accident supports the finding that Child was the driver of the vehicle. To whatever extent Child's testimony suggested a different scenario, it was up to the trial court to decide the credibility of Child's version of events. *Cf. State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts").

Viewing the foregoing evidence in the light most favorable to the children's court's findings, and disregarding all evidence and inferences to the contrary, the evidence reviewed above is sufficient to support the children's court's finding that Child committed careless driving.

**CONCLUSION**

For the reasons discussed in this opinion and those set forth in our notice of proposed summary affirmance, we affirm the finding of the children's court that Child committed the traffic violation of careless driving.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**TIMOTHY L. GARCIA, Judge**

8