This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38849**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAQUAN KILCREASE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Rosemary Cosgrove-Aguilar, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**     Defendant has appealed his conviction for aggravated DWI. We issued a notice of proposed summary disposition in which we proposed to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The relevant background information has previously been set forth. We will avoid undue reiteration here, and focus instead on the newly-advanced substantive argument presented in the memorandum in opposition.

**{3}** Defendant continues to argue that his request for a jury trial was improperly denied. [MIO 7-15] However, the sentence exposure did not meet the six-month threshold. This is essentially determinative. *See State v. Cannon*, 2014-NMCA-058, ¶¶ 12, 20, 326 P.3d 485 (observing that where the maximum period of imprisonment a defendant faces is less than six months, the defendant is not entitled to a jury trial; and concluding that aggravated DWI, first offense, is not a serious offense for purpose of a defendant's Sixth Amendment right to a jury trial). The fact that the prosecutor dropped two lesser charges prior to trial does not alter the analysis. *See State v. Grace*, 1999-NMCA-148, ¶¶ 5, 7, 9, 128 N.M. 379, 993 P.2d 93 (observing that the state may reduce DWI-related charges, thereby diminishing sentence exposure and obviating the right to trial by jury; and further explaining that "the relevant time of inquiry is the period immediately before trial").

**{4}** In his memorandum in opposition Defendant impugns the prosecutor's motives, suggesting that charges were dropped for the improper purposes of penalizing him for rejecting a plea offer, thwarting his jury demand, and/or undermining his trial strategy. [MIO 7-15] However, it is readily apparent that the trial court declined to impute such bad faith to the State. *See State v. Ferguson*, 1990-NMCA-117, ¶ 8, 111 N.M. 191, 803 P.2d 676 (explaining that where the reasons for a ruling are readily apparent, we may indulge the usual appellate presumptions in favor of the district court's ultimate determination); *see generally State v. Greenwood*, 2012-NMCA-017, ¶ 61, 271 P.3d 753 ("When there is a doubtful or deficient record, we presume the district court's judgment was correct."). Given the evident gamesmanship on the part of the defense [CN 2-4] which the memorandum in opposition entirely fails to address, as well as the State's ultimate apprisal of the insufficiency of the evidence to support the dismissed charges, [RP 37] we perceive ample support for the district court's determination. Accordingly, we will not disturb that assessment. *See generally State v, McClaugherty*, 2008-NMSC-044, ¶ 46, 144 N.M. 483, 188 P.3d 1234 (observing that on a claim of prosecutorial misconduct, where factual issues are intertwined with the legal analysis, we review the district court's fact determinations under a deferential substantial evidence standard of review); *State v. Brule*, 1999-NMSC-026, ¶ 6, 127 N.M. 368, 981 P.2d 782 (upholding application of the deferential substantial evidence rule to the factual findings underpinning the district court's resolution of a claim of prosecutorial vindictiveness); *cf. State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 ("When there exist reasons both supporting and detracting from a [district] court decision, there is no abuse of discretion." (internal quotation marks and citation omitted)). We therefore reject Defendant's equal protection argument. [MIO 10-12] And in light of the foregoing considerations, as well as Defendant's failure request a continuance in order to facilitate any adjustment of his defense strategy, we similarly remain unpersuaded by his due process claim of unfair surprise. [MIO 9, 13-15] *See State v. Barraza*, 1990-NMCA-026, ¶ 13, 110 N.M. 45, 791 P.2d 799 ("Failure to request a continuance undermines [a] defendant's claim of unfair surprise."). Ultimately therefore, we reject Defendant's suggestion that district court was obligated to schedule a jury trial to accommodate his preference therefor.

**{5}** Defendant also continues to challenge the sufficiency of the evidence to support his conviction. [MIO 15-17] However, the evidence that Defendant was driving at an excessive rate of speed and failed to maintain his lane, smelled of alcohol, had bloodshot watery eyes, and refused to submit to breath-alcohol testing was sufficient to support the verdict. *See, e.g., State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction where the defendant had bloodshot watery eyes, smelled of alcohol, and slurred speech, and refused to submit to chemical testing), *overruled on other grounds as recognized by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110; *cf. State v. Sanchez*, 2001-NMCA-109, ¶¶ 2-4, 15-17, 131 N.M. 355, 36 P.3d 446 (holding that evidence was sufficient to support DWI conviction where the defendant smelled of alcohol, had bloodshot watery eyes, appeared to be intoxicated, and refused to consent to field sobriety and blood alcohol tests). Although Defendant offered a conflicting account of the situation which he contends should have resulted in acquittal, [MIO 15-17] the district court was at liberty to reject that testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (stating that the fact-finder "is free to reject [the d]efendant's version of the facts"). As a result, Defendant's assertions present no basis for reversal. *See id.*

**{6}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**