526 P.2d 1306

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Tommy SANCHEZ, Defendant-Appellant.**
**No. 1284.**

Court of Appeals of New Mexico.
Sept. 18, 1974.

Robert H. Borkenhagen, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of an attempt to commit armed robbery. Section 40A–28–1, N.M.S.A.1953 (2d Repl. Vol. 6) and § 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). He complains of re-

marks made by the prosecutor in the prosecution's final argument to the jury. We discuss two issues: (1) whether the issue was raised in the trial court, and (2) whether the plain error rule applies to the remarks.

### Whether Issue Raised in the Trial Court

During final argument, the prosecutor stated: "The defense attorney brought up the constitutional rights of Mr. Sanchez. I ask you, did Mr. Sanchez have any regard for the constitutional rights of Mr. Gallegos on that morning when he stuck those knives in his throat? What about the constitutional rights—" At this point the argument was interrupted, and a conference was held at the bench. Defendant's objection to the above remarks was sustained. The prosecutor then concluded his argument by asking the jury to return a verdict consistent with the evidence.

Defendant claims the reference to "constitutional rights" was prejudicial and influenced the jury by injecting a false issue into the case. We do not consider the merits of this contention. The objection, which was sustained, was that the prosecutor, in his final argument, not be "allowed to go into anything that I did not go into." See § 41–23–40(n), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). The contention now made was never raised in the trial court. It will not be considered for the first time on appeal. Section 21–12–11, N.M.S.A. 1953 (Int.Supp.1974); compare State v. Vallejos, 86 N.M. 39, 519 P.2d 135 (Ct. App.1974).

### Whether the Plain Error Rule Applies

Defendant asserts the allegedly improper comment of the prosecutor can be raised for the first time on appeal on the basis that the comment was plain error. Cases cited in support of this contention are federal cases. New Mexico has not adopted the federal plain error rule. State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct. App.1972). Subsequent to the Lopez decision, the New Mexico Supreme Court adopted Rules of Evidence. The Rules of

Evidence are not applicable in this case. Even if the Rules did apply, they do not aid defendant. The Rules of Evidence refer to "plain errors affecting substantial rights." That reference is part of a rule concerned with evidentiary rulings. Section 20–4–103, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973). No evidentiary ruling is involved in defendant's contention. New Mexico has no plain error rule applicable to defendant's claim; the claim will not be reviewed.

The judgment and sentence is affirmed. It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.