608 P.2d 145
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Jack WALL, Defendant-Appellant.**

**No. 12523.**

Supreme Court of New Mexico.

March 18, 1980.

Martha A. Daly, Santa Fe, Mark H. Shapiro, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

EASLEY, Justice.

Wall appeals from his conviction of felony murder. We affirm.

Wall raises three issues on appeal: (1) whether Wall can challenge on appeal the use of a prior, allegedly unreliable, statement to refresh the memory of a prosecution witness when he failed to object to its use at trial; (2) whether it was error to answer a jury question, which was propounded during jury deliberations, with an additional jury instruction, which allegedly included a new theory of criminal liability with new elements, without either permitting additional argument or giving Wall's requested instruction relating to Wall's theory of how the evidence related to the alleged new theory; and (3) whether the jury was adequately instructed as to the causation required for felony murder.

Fuentes was originally Wall's co-defendant, but after a mistrial was declared, Fuentes' prosecution was severed from Wall's.

Wall and Fuentes knocked out the victim, locked him in the trunk of his car and stole various items from the car. A few days later Wall and Fuentes returned to the scene, took the victim out to the desert and abandoned him, and took and sold his car. Contradictory evidence was introduced as to who hit the victim and whether the victim

was dead by the time they took him to the desert.

S. Reyna was Wall's girl friend and was living with him at the time. Wall claims that Reyna and her children were brought to the police station after Wall's arrest. In order to obtain a statement from her, the police allegedly threatened Reyna with the loss of her children and did not permit her to make a telephone call until she gave them a statement. This testimony was denied by the police. At trial, the State used this statement to refresh Reyna's memory. Wall did not object to the use of this memorandum. But he now asserts that, pursuant to Rule 103(d), N.M.R.Evid. 103(d), N.M.S. A.1978, it was plain error effecting his substantial rights for the trial court to permit its use since it was inherently unreliable.

■ Wall cannot remove the bar to appellate review by relying on Rule 103(d). Rule 103(d) provides that nothing in Rule 103 prevents a trial court from taking notice of plain errors affecting substantial rights even though the errors were not objected to or brought to the attention of the judge. But Rule 103(d) pertains only to errors that concern evidentiary rulings. *State v. Sanchez*, 86 N.M. 713, 526 P.2d 1306 (Ct.App.1974). The memorandum here in question was not in evidence, Reyna's testimony was. "[W]hen a witness speaks from a memory that has been revived, the testimony is what the witness says and not the writing." *State v. Bazan*, 90 N.M. 209, 210, 561 P.2d 482, 483 (Ct.App.1977), *cert. granted and quashed*, 90 N.M. 254, 561 P.2d 1347 (1977). We hold that Wall cannot now challenge the use of a memorandum at trial when he made no objection to its use at the time and since he cannot challenge it pursuant to Rule 103(d).

At trial, the jury was instructed on the elements of felony murder by Uniform Jury Instructions 2.04 and 2.50. N.M.U.J.I.Crim. 2.04 and 2.50, N.M.S.A.1978. U.J.I. 2.04 outlines the essential elements of a felony murder and U.J.I. 2.50 defines the "proximate cause" required for a homicide conviction. During their deliberation, the jury sent out the following question:

Under the law, is a person who is witness to or a party to a robbery incident by his presence equally guilty of the crime of robbery as the person who committed the robbery?

Over Wall's objection, the trial judge gave Uniform Jury Instruction 28.32 in response to this question. N.M.U.J.I.Crim. 28.32, N.M.S.A.1978, provides that an accessory to a felony can be found guilty of felony murder even though the accessory did not actually commit the felony.

Wall asserts that the trial judge committed reversible error by answering the jury question with this additional instruction because it introduced a new theory of liability. The theory used by the prosecution throughout the trial was that Wall had personally committed the felony murder. The new element allegedly introduced by the additional instruction was that of aiding or encouraging Fuentes to commit a felony murder. Wall argues that since the theory of accessory liability was introduced after the close of evidence, the judge should have permitted additional oral argument which would have provided Wall an opportunity to explain why the alleged new basis of liability did not apply to him. Or, Wall claims, the judge should have given Wall's requested instruction, which was based on Uniform Jury Instruction 28.39, N.M.U.J.I.Crim. 28.-39, N.M.S.A.1978. This instruction provides that mere presence, without some outward manifestation of approval, is insufficient to establish liability as an accessory to a crime.

■ Additional jury instructions, Wall claims, should be limited to offenses within the indictment because the indictment is the means by which a defendant learns of the charges he is expected to meet. *See State v. Blea*, 84 N.M. 595, 506 P.2d 339 (Ct.App.1973). We agree. But the additional instruction given here did not go beyond the indictment. The Legislature and our courts have abolished the distinction between a principal and an accessory. *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966); § 30–1–13, N.M.S.A.1978. Therefore, Wall was on notice that he could be charged as a principal and convicted as an

accessory or vice-a-versa. N.M.R.Crim.P. 43, N.M.S.A.1978, authorizes a trial court, within its discretion, to give additional instructions in response to specific questions from the jury. The additional instructions must, of course, correctly state the law and be supported by the evidence. *See State v. Rhea*, 86 N.M. 291, 523 P.2d 26 (Ct.App. 1974), *cert. denied*, 86 N.M. 281, 523 P.2d 16 (1974). Since the additional instruction given here met both of these conditions, we hold it was not an abuse of discretion for the trial court to give the instruction without permitting more argument or giving Wall's requested instruction. On the other hand, there was no sufficient evidence to support the instruction tendered by Wall.

■ Wall alleges that the jury instruction based on U.J.I. 2.04 that was given by the trial court did not establish the causal link between the felony and the death of the victim as required by *State v. Harrison*, 90 N.M. 439, 564 P.2d 1321 (1977). But at the trial in *Harrison*, the general instruction on causation, U.J.I. 2.50, was not given. This Court in *Harrison* found that the instruction given, U.J.I. 2.04, was inadequate. But in the instant case, U.J.I. 2.50 *was* given. We hold that the giving of U.J.I. 2.04 in conjunction with U.J.I. 2.50 meets the *Harrison* requirement.

The conviction is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.