This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## PROPOSED MEMORANDUM OPINION

### STATE v. WALTERS, A-1-CA-35980

Larry Walters ("Defendant") appeals his conviction of battery on a peace officer. *See* NMSA 1978, § 30-22-24 (1971). On appeal, Defendant challenges the district court's response to an inquiry from the jury during deliberations. [DS 4] This Court issued a calendar notice proposing to affirm Defendant's conviction and he has filed a memorandum in opposition to that proposed summary disposition. Having duly considered that memorandum, we are unpersuaded and now affirm.

The jury question at the center of this appeal asked, in the context of a battery case, "[h]ow important is intention at the time of the kick?" [RP 85] The district court's response to that question instructed the jury: "[y]ou must rely on the law as contained in the instructions of the Court." [RP 86] Because Defendant does not assert any error in the instructions themselves, our calendar notice proposed to review the district court for an abuse of discretion. *See State v. Wall*, 1980-NMSC-034, ¶ 10, 94 N.M. 169, 608 P.2d 145 (reviewing a district court's response to a jury question for abuse of discretion), *overruled on other grounds by State v. Lucero*, 1993-NMSC-064, 116 N.M. 450, 863 P.2d 1071. [CN 2-3]

In his memorandum in opposition, Defendant contends that the abuse-of-discretion standard of review is inapplicable, pursuant to *State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314. In that case, a jury submitted a question to the court during deliberations, asking whether a "non-verdict or a hung jury" was permissible. *Id.* ¶ 13. Rather than offer any guidance on the question of a hung jury, the trial court in *Juan* decided not to give any response to the question, and the jury eventually returned a verdict without any further communication from the court. *Id.* ¶¶ 13-14. In reviewing that verdict, our Supreme Court noted that, "[t]he decision to issue additional jury instructions generally lies within the sound discretion of the trial court," before adding that, "when a jury requests clarification regarding the legal principles governing a case, the trial court has a duty to respond promptly and completely to the jury's inquiry." *Id.* ¶ 16 (internal citations omitted). Based upon that statement, Defendant asserts that our Supreme Court has "rejected the 'abuse of discretion' standard of review, though it did not explicitly state which standard should be used in its place." [MIO 4] We disagree.

*Juan* explicitly reaffirms the proper role of a court's discretion in responding to jury questions before also noting that such discretion must be exercised within the broader context of a "duty to respond promptly and completely." *Id.* ¶ 16. Unlike *Juan*, the district court in this case actually responded to the question asked by the

jury, and there appears to be no issue with regard to promptness. Further, in this case, unlike *Juan*, the question posed by the jury was actually answered by the written instructions they had already been given. Indeed, defense counsel's argument below was simply that the district court should direct the jury's attention to those instructions by "stating that intent is an essential element of the crime that must be proven beyond a reasonable doubt, and to refer them to UJI 14-2211." [DS 3]

Ultimately, the district court's response to the question did refer the jury to the written instructions, which presumably included some version of UJI 14-2211, as well as instructions explaining the State's burden of proof, defining intent, and describing the proper role of inferences in assessing intent.[1] [RP 86] Thus, the proper response to the jury's question, according to both Defendant and the district court, was to direct the jury's attention to principles already articulated in the written instructions. Further, because Defendant does not assert any error in those written instructions, the error asserted in this appeal consists solely of the actual words used by the district court to reiterate the legally sound instructions already given to the jury.

We believe that the district court's decision to refer the jury broadly to the law contained in the written instructions falls well within the "sound discretion of the trial

---

[1]Neither the record proper, nor the docketing statement, nor the memorandum in opposition in this appeal contains or describes the instructions used at trial. Our calendar notice pointed out that Defendant does not assert any error in the written instructions used at trial and Defendant's memorandum in opposition does not challenge that conclusion. [CN 2]

court" described in *Juan*. We decline Defendant's invitation to second-guess the district court by applying de novo review to the manner in which that court told the jury to follow the law already contained in the jury instructions. Defendant's conviction is affirmed.

**IT IS SO ORDERED.**