This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38715**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**OMAR HERNANDEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Patrick J. Martinez & Associates
Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Omar Hernandez appeals his convictions for aggravated battery upon a peace officer (NMSA 1978, § 30-22-25 (1971)) and receiving or transferring a stolen motor vehicle (NMSA 1978, § 30-16D-4 (2009)). Defendant contends: (1) the district court erred by instructing the jury on an alternative theory of aggravated battery upon a peace officer not contained in the indictment; (2) the district court erred by instructing the jury on accessory liability; and (3) his convictions are not supported by sufficient evidence. We affirm.

**DISCUSSION**[1]

**I.      Alternative Theory of Aggravated Battery Upon a Peace Officer**

**{2}**     The State requested, and the district court permitted, that the jury be instructed on a theory of aggravated battery upon a peace officer not contained in the indictment, because the evidence at trial supported the additional theory. Defendant contends this amounted to an impermissible amendment to the indictment that warrants reversal. We disagree.

**{3}**     We review de novo whether the district court—in instructing the jury on an uncharged theory of aggravated battery upon a peace officer—impermissibly allowed the indictment to be amended. *See State v. Branch*, 2010-NMSC-042, ¶ 19, 148 N.M. 601, 241 P.3d 602 ("We review a district court's interpretation and application of Rule 5-204 [NMRA] de novo."), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Rule 5-204 permits an indictment to be amended to conform to the evidence presented at trial so long as the amendment (1) does not charge an entirely new offense, and (2) does not prejudice the substantial rights of the defendant. *See* Rule 5-204(C) (providing that "[t]he court may at any time allow the indictment . . . to be amended in respect to any variance to conform to the evidence" and that any variance between the indictment and the evidence shall not be grounds for acquittal "unless such variance prejudices substantial rights of the defendant"); *see also Branch*, 2010-NMSC-042, ¶ 19 ("Rule 5-204(C) cannot be used to impose an *entirely new charge* against a defendant after the close of testimony." (alteration, internal quotation marks, and citation omitted)). We consider each inquiry in turn.

**{4}**     First, while Defendant contends the instruction at issue permitted him to be tried on a "broader charge," he does not argue it permitted him to be tried on "an entirely new charge." *See Branch*, 2010-NMSC-042, ¶ 19. Nor, does it seem, he could. The indictment alleged, in relevant part, that Defendant committed aggravated battery upon a peace officer by "caus[ing] great bodily harm" to the officer. In addition to this theory, the jury instruction alternatively alleged that Defendant committed aggravated battery upon a peace officer by "act[ing] in a way that would likely result in great bodily harm" to the officer. Both alternatives are provided for in the statute defining the crime. *See* § 30-22-25(C); *see also* UJI 14-2213(6) NMRA. That is, Defendant was charged in the original indictment with third-degree aggravated battery upon a peace officer, as defined by Section 30-22-25(C), and that was the offense on which the jury was instructed. Because the instruction presented an alternative theory of the charged crime, rather than an entirely new offense, the amendment effected by the instruction would be permissible as long as Defendant was not improperly prejudiced by it—the inquiry we turn to next. *Compare State v. Lucero*, 1998-NMSC-044, ¶¶ 23, 25, 126 N.M. 552, 972 P.2d 1143 (providing that an amendment to the indictment adding an alternative theory of first-degree murder was permissible because the defendant's substantial rights were

---

1Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, and the parties are familiar with the factual and procedural background of this case, we discuss the facts only as necessary to our analysis of the issues.

not prejudiced), *with State v. Armijo*, 1977-NMCA-070, ¶ 25, 90 N.M. 614, 566 P.2d 1152 (holding that an amendment to the indictment made after the close of evidence, which added a theory as to how the crime was committed, prejudiced the defendant because he had no reason to defend against the added theory, and was therefore impermissible).

{5}     Second, in this context, "[p]rejudice exists when the defendant is unable to reasonably anticipate from the indictment the nature of the proof the state will produce at trial." *State v. Romero*, 2013-NMCA-101, ¶ 9, 311 P.3d 1205. To obtain relief, "the defendant must demonstrate actual prejudice; the mere assertion of prejudice alone is insufficient to establish error warranting reversal." *Id.*; *see also* Rule 5-204(C), (D) (providing that a defendant is not entitled to relief based on any variance between the allegations of the indictment and the evidence leading to their conviction unless it is "affirmatively" shown that the defendant was "in fact" prejudiced in their defense on the merits).

{6}     Defendant complained of no such prejudice to the district court, and his assertion of prejudice on appeal falls short of this standard. Although Defendant repeatedly states he was prejudiced by the amendment, he offers only two general points in support of this contention: one, that he "had no reason to defend against the possibility of great bodily harm," rather than actual great bodily harm; and two, that because the amendment came after the close of evidence, his defense was impaired.

{7}     Turning to Defendant's first point, the State argues that Defendant was on notice prior to trial of the theory that he "acted in a way that would likely result in great bodily harm." In particular, the State contends, the nature and quality of Defendant's conduct was at issue all along, in that the element of "caus[ing] great bodily harm" necessarily required proof of the conduct leading to such a result. We find the State's argument persuasive, particularly in the absence of any counterargument by Defendant.[2] When, as here, the nature of the proof against a defendant can be reasonably anticipated, "a variance between the crime charged and the offense for which the defendant is convicted will not be deemed to be fatal." *State v. Myers*, 2009-NMSC-016, ¶ 43, 146 N.M. 128, 207 P.3d 1105 (internal quotation marks and citation omitted); *see also Branch*, 2010-NMSC-042, ¶¶ 18-22 (concluding that where the initial and amended charges arose from the same underlying conduct, the defendant was on notice of having to defend against the amended charge); *cf. State v. Gallegos*, 1989-NMCA-066, ¶¶ 47-50, 109 N.M. 55, 781 P.2d 783 (observing that a charge on a given offense puts the defendant on notice of the potential need to defend against its lesser included

---

2Defendant filed no reply brief, and such silence in the face of the State's contentions makes them all the more compelling. *See State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 (providing that "the failure to respond to contentions made in an answer brief constitutes a concession on the matter" (internal quotation marks and citation omitted)); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing the presumption of correctness in the district court's rulings and explaining that it is the appellant's burden on appeal to demonstrate any claimed error below).

offenses, and finding no error where the charge of robbery was amended to the lesser included offense of larceny).

**{8}** Turning to Defendant's second point, the State accurately observes that Defendant does not explain how exactly his defense was impaired. That is, Defendant does not describe how cross-examination would have proceeded differently, or otherwise spell out how his defense would have changed had the alternative theory been included in the original indictment. Absent such an explanation, we are in no position to grant Defendant the relief he requests. *See* Rule 5-204(D); *Myers*, 2009-NMSC-016, ¶ 43 ("[T]he mere assertion of prejudice, without more, is insufficient to establish prejudicial error warranting reversal of a conviction." (internal quotation marks and citation omitted)); *cf. Branch*, 2010-NMSC-042, ¶ 21 (concluding that the defendant's assertion, that the pretrial interview and cross-examination might have progressed differently had the indictment identified one of the victims as the jury instruction did, amounted to mere speculation and did not rise to the level of prejudice warranting reversal).

**{9}** In sum, under the circumstances, we are satisfied that the aggravated battery upon a peace officer instruction did not effect an impermissible amendment to the indictment that infringed on Defendant's substantial rights. *Cf. State v. Dombos*, 2008-NMCA-035, ¶ 26, 143 N.M. 668, 180 P.3d 675 (finding no error where the amendment to an indictment did not introduce a new charge, the defendant knew the nature of the charges against him, and the defendant articulated no specific claim of prejudice).

## II. Accessory Liability

**{10}** Defendant was charged as a principal offender for receiving or transferring a stolen motor vehicle, and the evidence at trial showed he committed this offense with two other individuals. The State requested, and the district court permitted, that the jury be instructed on accessory liability. *See* UJI 14-2822 NMRA; NMSA 1978, § 30-1-13 (1972). Defendant contends that, in the absence of an aider and abettor charge in the indictment, the accessory liability instruction effected an impermissible amendment to the indictment. We again disagree.

**{11}** Our Supreme Court has rejected arguments similar to Defendant's. In *State v. King*, 2015-NMSC-030, 357 P.3d 949, the defendant argued that instructing the jury on accessory liability when he had been charged only as a principal was error because he lacked notice of the accessory liability theory and had no opportunity to prepare a defense. *See id.* ¶¶ 20-21. In dispensing with this argument, the Court observed, "New Mexico long ago abolished the distinction between accessory and principal liability." *Id.* ¶ 21; *see also State v. Carrasco*, 1997-NMSC-047, ¶ 6, 124 N.M. 64, 946 P.2d 1075 ("Aiding and abetting is not a distinct offense and it carries the same punishment as a principal."). The Court accordingly concluded, "The charge against [the d]efendant as a principal included a corresponding accessory charge, assuming the evidence at trial supported the charge." *King*, 2015-NMSC-030, ¶ 21 (internal quotation marks omitted). The defendant, therefore, "was on notice that he could be charged as a principal and

convicted as an accessory or vice-a-versa." *Id.* (internal quotation marks and citation omitted). The Court thus held that "[a]fter [the d]efendant was charged as a principal, the district court correctly instructed the jury on accessory liability." *Id.*; *see also State v. Wall*, 1980-NMSC-034, ¶ 10, 94 N.M. 169, 608 P.2d 145 (holding that an accessory liability instruction "did not go beyond the indictment" because the defendant was on notice that he could be charged as a principal and convicted as an accessory), *overruled on other grounds by State v. Lucero*, 1993-NMSC-064, ¶ 13, 116 N.M. 450, 863 P.2d 1071; UJI 14-2822 comm. cmt. (providing that the accessory liability instruction "may be used if the defendant is charged as a principal, as an aider or abettor, or as both").

**{12}** We see no principled reason why these precedents do not apply here, and Defendant has given us none. We therefore find no error in instructing the jury on accessory liability.

## III. Sufficiency of the Evidence

**{13}** Lastly, Defendant contends the evidence was insufficient to support his convictions. In reviewing the sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). We test the sufficiency of the evidence against the jury instructions given. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 18, 278 P.3d 517.

**{14}** As for aggravated battery upon a peace officer, Defendant challenges only the sufficiency of the evidence that he "caused great bodily harm" to the officer. As previously discussed, however, guilt could have been premised on a finding either that Defendant "caused great bodily harm" to the officer *or* that Defendant "acted in a way that would likely result in great bodily harm" to the officer. *See* UJI 14-2213(6). Thus, even if the evidence was insufficient to support the theory that Defendant "caused great bodily harm," reversal is not warranted unless the evidence was insufficient to support the alternative theory as well. *Cf. State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (holding that "due process does not require a guilty verdict to be set aside if an alternative basis of conviction is only factually inadequate to support a conviction"). Defendant, however, does not attack the sufficiency of the evidence corresponding to this alternative theory. *See* Rule 12-318(A)(4) NMRA (providing that "[a] contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence"); *State v. Perry*, 2009-NMCA-052, ¶ 55, 146 N.M. 208, 207 P.3d 1185 (affirming the jury's verdict where the defendant's sufficiency challenge was inadequate). Nor does Defendant respond to the State's recitation of the evidence supporting this theory. *See State v. Wittgenstein*, 1995-NMCA-010, ¶ 5, 119 N.M. 565, 893 P.2d 461 (summarily rejecting a contention of insufficient evidence because the state cited evidence sufficient to sustain the conviction and the defendant

thereafter cast no doubt on the state's summary). Based on the State's presentation, and in the absence of a reply from Defendant, we are satisfied that a rational trier of fact could have found beyond a reasonable doubt that Defendant acted in a way that would likely result in great bodily harm to the officer. We therefore affirm Defendant's conviction for aggravated battery upon a peace officer.

**{15}** As for receiving or transferring a stolen motor vehicle, Defendant challenges only one element of the crime—that he "had possession of" the stolen vehicle. *See* UJI 14-1652(1) NMRA; *see also* UJI 14-130 NMRA (defining "possession"). The sum of Defendant's argument on this point is that "[n]o testimony or evidence was presented to show that [he] had possession or exercised control of the vehicle." The State responds more thoroughly, citing specific evidence supporting possession. Again, based on the State's presentation, and in the absence of a reply from Defendant, we are satisfied that a rational trier of fact could have found beyond a reasonable doubt that Defendant possessed the stolen vehicle. *See Perry*, 2009-NMCA-052, ¶ 55; *Wittgenstein*, 1995-NMCA-010, ¶ 5. We therefore affirm Defendant's conviction for receiving or transferring a stolen motor vehicle.

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm.

**{17} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**